**Lester D. LINDLEY, Appellant,**

v.

**Mary Alice FLORES, Appellee.**

**No. 13–83–342–CV.**

Court of Appeals of Texas, Corpus Christi.

May 24, 1984.

Rehearing Denied June 14, 1984.

Walter Groce, Corpus Christi, for appellant.

Michael E. Larkin, Bonilla, Read, Bonilla & Berlanga, Inc., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

Appellant, by his points of error, complains that the trial court erred in entering an order granting appellee's Motion for Sanctions compelling appellant to pay attorney's fees directly to appellee's attorney because (1) there are no pleadings to support the judgment and (2) the attorneys were not parties.

This case arises from a suit on a contract. On April 4, 1983, defendant/appellee filed a Motion for Sanctions. On or about April 11, 1983, there was a jury trial with a verdict against appellee, resulting in a judgment filed on April 11th against appellee. On May 2nd, defendant/appellee filed a Motion for New Trial. On May 27, 1983, an order was entered, reciting that a hearing was held on May 18, 1983, and that the Motion for New Trial was denied, but that the Request for Sanctions was granted to the extent that plaintiff/appellant pay $300 directly to appellee's attorneys.

 We have carefully examined appellant's authorities and find that they are not on point. The order complained of is not a "judgment." The function of a judgment is to conclude the controversy between the parties. *Jones v. Springs Ranch Co.*, 642 S.W.2d 551 (Tex.App.—Amarillo 1982, no writ). In contrast, an order is an act of the court. *City of Hurst v. City of Colleyville*, 501 S.W.2d 140 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.). A motion is an application for an order of the court. 60 C.J.S. Motions & Orders, Sec. 1 (1969). As such, we hold that motions are in the nature of pleadings, and, therefore, the motion for sanctions will support the court's order for sanctions.

The Motion for Sanctions specifically requested relief under TEX.R.CIV.P. 168(8). At the time of trial,[1] Rule 168(8) read:

8. SANCTIONS: After notice of hearing, if the court finds a party is abusing the discovery process in seeking, making or resisting discovery under this Rule, in addition to costs and a reasonable attorney's fee the court may invoke the sanctions of Rule 170 and 215a.

 The main purpose of imposing sanctions against a party who fails to comply with a discovery order is not to punish such party, but, rather, it is to secure compliance with discovery rules. *Phillips v. Vinson Supply Co.*, 581 S.W.2d 789 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Smith v. Wilkins*, 577 S.W.2d 522 (Tex.Civ.

App.—Texarkana 1979, no writ). However, Rule 168 was rewritten to include Section 8 in 1981, after the above cited cases, and, as Texas Supreme Court Justice Franklin Spears said:

The new rule broadens the possibility of sanctions by providing that when a court finds a party is abusing the discovery process in "seeking, making or resisting discovery" under rule 168, the court may, in addition to assessing costs and attorneys' fees, invoke sanctions which include contempt, dismissal, and judgment by default. A more liberal use of these sanctions by trial judges would make pre-trial discovery more efficient and effective. While language in some cases indicates that the purpose of the sanctions is not to punish the disobeying party, but to secure compliance, it is difficult to separate the two concepts realistically. Logically, more frequent punishment for failure to comply would ensure better compliance.

Spears, the Rules of Civil Procedure: 1981 Changes in Pre-Trial Discovery, 12 St. Mary's L.J. 611 (1981).

 A court has the power and duty to control the discovery process. TEX.R.CIV.P. 168, 170. This includes requiring a recalcitrant party to pay the costs of discovery. *See H.O. Dyer, Inc. v. Steele*, 489 S.W.2d 686 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). It is clear that Section 8 of Rule 168 contemplated that a party who obstructed discovery should bear the costs of his opponent's efforts. TEX.R.CIV.P. 168(8). Sanctions will be set aside on appeal only for abuse of discretion. *McInnes v. Yamaha Motor Corp., USA*, 659 S.W.2d 704 (Tex.App.—Corpus Christi 1983, *writ granted*). *Bass v. Duffey*, 620 S.W.2d 847 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). It is recited in the order that there was a hearing held at which appellant was represented by his attorney. We hold that the modest attorney's fees imposed upon appellant was not an abuse of discretion by the trial court. In any event, the record does not reflect

---

1. This section has been repealed effective April 1, 1984.

that appellant objected to the action of the trial court, and error is therefore waived. *Fenno v. Jocobe,* 657 S.W.2d 844 (Tex.App. —Houston [1st Dist.] 1983, writ ref'd n.r. e.).

In summary, the order appealed from was not a judgment; if pleadings are needed to support the order, the motion for sanctions is sufficient; the order was not an abuse of discretion, and the complaint was waived. Appellant's points of error are overruled.

The judgment of the trial court is AFFIRMED.