Robert RIVIEA, Appellant,

v.

MARINE DRILLING COMPANY, Appellee.

No. 13–89–407–CV.

Court of Appeals of Texas, Corpus Christi.

March 29, 1990.

Mark G. Cypert, G.P. Hardy, III, Hardy, Milutin & Johns, Houston, for appellant.

Ralph F. Meyer, C. Andrew Waters, Royston, Razor, Vickery & Williams, Corpus Christi, for appellee.

## OPINION

SEERDEN, Justice.

A statement of facts was presented to us for filing subsequent to perfecting an appeal in this case. The question presented is whether we have the authority to file such record. We conclude that we do have such authority and order the statement of facts filed.

It is not necessary to go into the complete procedural history of this case. It is sufficient to state that all procedural rules were complied with through the granting of appellant's second motion to extend the time for filing the statement of facts. In granting the second motion for extension of time, the court advised the attorneys of record, the court reporter, and the trial court as follows:

> The appellant's second motion for extension of time to file statement of facts was granted by the Court on this day. The time has been extended to December 28, 1989, and the court will expect the statement of facts to be filed by that date. Otherwise, the court reporter may be ordered to appear before this court to show cause why the statement of facts cannot be timely filed.

On January 3, 1990, contemporaneously with the presentation of the statement of facts, an affidavit from the court reporter was received by the court which contained reasonable explanations why the statement of facts could not be filed in December. The affidavit contained a request for extension to January 3, 1990. This affidavit is the only request to permit the filing after December 28, 1989, and the only explanation for not filing the statement of facts until January 3, 1990, received by this court until receipt of Appellant's Third Motion for Extension to File Statement of Facts. This motion was received by the court on January 18, 1990. This court has, sua sponte, questioned its authority to accept the statement of facts.

Tex.R.App.P. 54(a) provides the method for computing the time limitation for filing the transcript and statement of facts in the courts of appeals. It also provides that a court has the authority to consider all timely-filed transcripts and statements of fact, but shall have no authority to consider a late-filed transcript or statement of facts, except as permitted by this rule.

Tex.R.App.P. 54(c) provides for the granting of an extension of time for late filing if a motion reasonably explaining the need therefor is filed by appellant in the court of appeals "not later than fifteen days after the last date for filing the appellate record."

In *B.D. Click v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982), our Supreme Court held that a court of appeals does not have authority to consider a motion for extension of time to file the record which is filed more than fifteen days after the due date. This rule applies to subsequently filed motions for extension of time, as well as the original motion. *Chojnacki v. The Court of Appeals For the First Supreme Judicial District*, 699 S.W.2d 193 (Tex. 1985).

Thus, unless we can consider the court reporter's affidavit as a motion for extension of time or consider the due date for timely filing the statement of facts to be a date other than December 28, 1989, we have no authority to file the statement of facts or to consider it in deciding this appeal.

The First Rule of the 1989 Texas Rules of Civil Procedure states:

### Rule 1. Objective of Rules

The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.

In discussing the 1981 amendments to the Rules of Civil Procedure, the Supreme Court in *B.D. Click* observed, "[t]he laudable goal of these revisions was to eliminate, insofar as practical, the jurisdictional requirements which sometimes resulted in disposition of appeals without consideration of the merits." *B.D. Click Co.*, 638 S.W.2d at 861.

Generally, a "motion" is an application for an order of the court. *Lindley v. Flores*, 672 S.W.2d 612, 614 (Tex.App.—Corpus Christi 1984, no writ). As such, it is in the nature of a pleading. In the due course of litigation, a motion request for a court order should be made by a party or his attorney; however, the court may act on its own "motion," as in this case or, for example, as in the case of a trial court granting a new trial as authorized by Tex.R.Civ.P. 320.

■ The request by the court reporter for additional time to file the record is certainly a request for an order of the court to grant her the additional time. Moreover, such request is generally in compliance with or in anticipation of the court's instructions made in granting the second extension of time for filing the statement of facts where she was told that if the statement of facts was not filed by December 28, 1989, we might require her to appear to show cause why it cannot be timely filed.

In keeping with the purpose of the rules of appellate procedure, we interpret this affidavit as a motion to extend the time for filing. As such, it was filed within fifteen days of December 28, 1989, and is entitled to consideration by the court.

■ Our order granting the second motion to extend the time for filing the statement of facts can also be construed as being "open ended" with respect to a deadline. By advising the parties, and the court reporter in particular, that if the statement of facts was not filed by December 28, 1989, she could be required to appear to show cause why it could not be timely filed, we implied that a "timely filing" date could be set at the show cause hearing.

By taking the approach discussed above, we honor the principles expressed in Tex.R.Civ.P. 1. At the same time, no violence is done to the principle of fixing the date for the finality of judgments recognized in *B.D. Click* and carried forward in Tex.R.App.P. 54(c).

We hold that the time for filing the record of this case may be extended to January 3, 1990; we permit such extension and order the statement of facts filed.

NYE, C.J., dissents on motion.

NYE, Chief Justice, dissenting.

I respectfully dissent. The majority has no authority to consider the late filing of the statement of facts in this case, since no exception to the language of the rule is permitted.

Rule 54 of the Texas Rules of Appellate Procedure states: "The transcript and statement of facts ... *shall* be filed in the appellate court within sixty days after the judgment is signed.... The court (of appeals) has authority *to consider all timely filed* transcripts and *statements of facts*, but shall have *no authority* to consider a late filed transcript or statement of facts, except as permitted by this rule." No exception is applicable to the situation before us.

Tex.R.App.P. 2 states that: "These rules *shall not* be construed to *extend* or limit the jurisdiction of the court of appeals ..." By construing Rule 54 to permit the untimely filing of a statement of facts, the

majority has, in effect, extended the jurisdiction of the Court of Appeals to consider an appeal with the aid of the statement of facts in contravention of Rule 54.

A brief history of the chronological events leading up to the granting of the motion by the majority is important. It shows that the clerk of this court meticulously notified appellant's attorney of what was expected, even though the responsibilities clearly belonged to the attorney involved.

The statement of facts was originally due to be filed in this Court on or before October 4, 1989, but it was not filed. *Appellant* then filed a timely motion for extension of time to file the statement of facts. This Court granted appellant's first motion by letter and extended the time for filing the statement of facts until November 12, 1989. The letter granting the motion was addressed to the *attorneys* in the case. Copies of the letter, as a matter of courtesy, were sent to the court reporter and the trial judge. A second motion for extension of time to file the statement of facts was timely filed on November 27, 1989, by the *appellant.* Again, this Court granted *appellant's* request and on December 7, 1989, we extended the time for filing the statement of facts until December 28, 1989. Again, the letter granting the extension was addressed to the *attorneys* in the case, with copies being sent to the court reporter and the trial judge. No statement of facts was filed on December 28, 1989, and no *timely* third motion for extension of time to file the statement of facts was ever tendered to this Court.

On January 2, 1990, a court reporter's affidavit was received and filed in this Court. However, since no *motion* for extension of time to file the statement of facts had been filed by the *appellant,* as required by Tex.R.App.P. 54(c), this Court notified the *attorneys* by letter that the affidavit had been filed and that *upon receipt of appellant's motion for leave to file the statement of facts,* the affidavit would be attached to said *motion.* On January 3, 1990, the statement of facts was received in this Court, and the *attorneys*

were notified that the statement of facts had been marked "received" as *untimely* filed. Mr. Cypert, the attorney of record for the appellant, was *specifically requested to file a motion in accordance with Tex.R.App.P. 54(c).* The deadline for timely filing such motion was January 12, 1990. A motion was not tendered by the appellant's attorney until January 18, 1990, six days too late.

The majority would have us consider the *court reporter's affidavit* to be a timely-filed motion for extension of time to file the statement of facts. This violates the provisions of Tex.R.App.P. 4 which, among other things, requires the motion to be signed by the attorney or the party to the appeal and give proper service and notice to opposing attorneys and parties.

The majority would have this Court act "on its own motion" and allow the filing of the statement of facts. However, Tex.R.App.P. 54(a), which specifically governs this situation, unequivocally states that this Court has no authority to consider a late filed statement of facts. The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal. Tex.R.App.P. 50(d). It can never be the responsibility of the court reporter, the clerk, or the justices of this Court to ensure that a proper record for review is timely filed. We should never assume the additional discretionary responsibility to allow the filing of the statement of facts in selected situations.

Next, the majority would have us believe that we misled the attorney for the appellant in the clerk's letter granting the second motion for extension of time to file the statement of facts. The majority stated that the letter could be construed as being "open ended," implying that a "timely filing" date could be set at a show cause hearing. This cannot be true! The letter did not relieve the appellant from the duty of complying with the Texas Rules of Appellate Procedure. In fact, on two occasions subsequent to this Court's letter rulings, the clerk of this Court notified the appellant's attorney that a *motion* pursuant to Tex.R.App.P. 54(c) needed to be

filed. On both occasions, the appellant failed to respond. There was no confusion concerning what was required by this Court. The rules are clear and unequivocal. For the appellant, and now the majority, to argue that a possible show cause hearing involving the *court reporter* caused confusion concerning the duty of the *appealing party* to comply with the appellate rules ignores this Court's notices to the parties and the attorney's responsibility under appellate procedure and practice.

The majority states that no violence is done to the principle set forth in *B.D. Click Co., Inc. v. Safari Drilling Corp.*, 638 S.W.2d 860 (Tex.1982) and carried forward in Tex.R.App.P. 54(c). However, the effect of today's holding does violence to both the principle in *Click* and the Rules of Appellate Procedure. It completely overturns that principle and obliterates the requirements of Rule 54(c). I would deny the appellant's late filed motion for extension of time to file the statement of facts.