**TRI–M ERECTORS, INC., Appellant,**

v.

**CLEARWATER CONSTRUCTORS, INC., Appellee.**

**No. 3–89–059–CV.**

Court of Appeals of Texas, Austin.

April 25, 1990.

Rehearing Overruled June 6, 1990.

Felicia M. Sanov, Peter Kreisner & Associates, Austin, for appellant.

Kate H. Mai, Fulbright & Jaworski, San Antonio, for appellee.

Before POWERS, JONES and EARL W. SMITH * (Retired), JJ.

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex. Gov't Code Ann. § 74.003 (1988).

JONES, Justice.

Tri–M Erectors, Inc. (Tri–M), plaintiff below, appeals from a final judgment ordering its case dismissed with prejudice as a discovery sanction after it had filed a voluntary notice of nonsuit. Appellee is Clearwater Constructors, Inc. (Clearwater), defendant below. We will affirm the judgment of the trial court.

In 1987, Tri–M sued Clearwater for breach of contract. On September 1, 1988, Clearwater gave notice to Tri–M of its intention to take the depositions of Duane May Sr., John May, and Duane May Jr. on September 19, 1988. Only Duane May Sr. appeared at the designated time and place. Duane May Jr. and John May, who had earlier been identified in Tri–M's answers to interrogatories as "foremen" for Tri–M, failed to appear.

Based on the failure of the two witnesses to appear for their depositions, Clearwater filed a motion for sanctions in which it requested, among other things, that Tri–M's case be dismissed. Following a hearing on Clearwater's motion, the trial court ordered that John May and Duane May Jr. be precluded from testifying at trial and that Tri–M pay Clearwater $1,500 as costs and $1,000 as attorney's fees on or before November 7, 1988. The order further provided: "In the event said sum is not paid to defendant Clearwater Constructors, Inc. at that time, the suit is to be dismissed." The order was signed on November 3, 1988. The next day, November 4, 1988, Tri–M filed a "Notice of Dismissal Without Prejudice" pursuant to Rule 162 of the Texas Rules of Civil Procedure. Tri–M never paid the sanctions.

On November 10, 1988, Clearwater moved the trial court to "set aside" Tri–M's notice of dismissal and to dismiss the case with prejudice. Following a hearing, the trial court ruled that (1) John May and Duane May Jr. would not be allowed to testify, and that this determination would be res judicata as to all future proceedings; and (2) that the dismissal of Tri–M's suit would be "with prejudice" unless Tri–M successfully secured, before December 23, 1988, a finding that it was entitled to proceed *in forma pauperis*. On December 16, 1988, Tri–M filed an affidavit of inability to pay costs, which Clearwater contested. On December 19, 1988, the trial court rendered its final judgment dismissing Tri–M's cause with prejudice.

In its first and second points of error, Tri–M argues that the trial court lost jurisdiction over the case when Tri–M filed its notice of nonsuit and, therefore, had no remaining power to order a dismissal with prejudice. Rule 162 of the Rules of Civil Procedure states:

> At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes. Notice of the dismissal or nonsuit shall be served in accordance with Rule 21a on any party who has answered or has been served with process without necessity of court order.

> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. *A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court.* Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court.

Tex.R.Civ.P. 162 (Pamph.1990) (emphasis added).

■ Tri–M argues that the emphasized language does not apply here because there was no motion for sanctions pending when the notice of dismissal was filed; Tri–M argues that once the trial court granted Clearwater's motion for sanctions and ordered Tri–M to pay costs and attorney's fees, the *motion* was no longer pending because it had been superseded by an *order*. Therefore, according to Tri–M's argument, the trial court lost jurisdiction to impose discovery sanctions after the notice

of nonsuit was filed. *See McQuillen v. Hughes,* 626 S.W.2d 495 (Tex.1981).

■ We are convinced that, under the circumstances of this case, Clearwater's motion for sanctions was pending at the time of Tri–M's nonsuit. "A motion is an application for an order of the court." *Lindley v. Flores,* 672 S.W.2d 612, 614 (Tex.App.1984, no writ). Thus, a motion for sanctions is an application to the trial court for the imposition of sanctions. *See* Tex.R.Civ.P. 215(1)(b) (Pamph.1990). The term "pending" indicates the absence of a final decision or resolution. *Cf. Schwartz v. Jefferson,* 520 S.W.2d 881, 885–86 (Tex. 1975); *see also* Black's Law Dictionary 1021 (5th ed. 1979). Thus, a motion (for sanctions or any other relief) is "pending" from the time the motion is filed until it is finally and conclusively disposed of. Where, by its very terms, an order on a motion leaves an issue open for future resolution, that part of the motion is, by definition, still pending; the trial court has affirmatively indicated in the order itself that the issue has not been finally resolved.

Here, Clearwater's motion for sanctions specifically requested the trial court to dismiss Tri–M's case as a sanction. The trial court granted Clearwater's motion as to some of its requested sanctions (costs and attorney's fees), but expressly left the request for dismissal open in an apparent attempt to induce Tri–M to comply with the other sanctions. In essence, the trial court deferred ruling on Clearwater's request that Tri–M's cause be dismissed. Since the November 3 order expressly deferred ruling on the dismissal issue until at least November 7, that part of Clearwater's motion was still pending on November 4, when Tri–M filed its voluntary notice of dismissal. Therefore, under Rule 162, Tri–M's nonsuit had no effect on the trial court's power to order the case dismissed with prejudice as a discovery sanction.

We also note that the operative provision in Rule 162 includes the language "as determined by the court." Although it is not clear exactly what this phrase modifies, it does appear to acknowledge a measure of discretion in the trial court in deciding whether a nonsuit can be used to avoid discovery sanctions. Such a construction is in line with the recent trend toward giving trial courts broad discretion in dealing with sanctions and discovery abuse. *See* Kilgarlin & Jackson, *Sanctions For Discovery Abuse Under New Rule 215,* 15 St. Mary's L.J. 767 (1984); Page & Sigel, *The Inherent and Express Powers of Courts to Sanction,* 31 S.Tex.L.J. 43 (1990).

■ Tri–M cites us to numerous authorities holding that a plaintiff has an absolute and unqualified right to nonsuit. *See, e.g., Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982). However, these cases are based on an earlier version of the nonsuit rule, one that did not exclude motions for sanctions from the effects of a nonsuit. Accordingly, such cases are not applicable here. In addition, Tri–M cites us to cases holding that where a trial court threatens to "dismiss" a cause without stating whether the dismissal will be with or without prejudice, the trial court is thereafter limited to dismissing the case without prejudice. *See, e.g., Fultz v. Cummins Sales & Service, Inc.,* 587 S.W.2d 515 (Tex.Civ.App. 1979, writ ref'd n.r.e.); *Phillips v. Vinson Supply Co.,* 581 S.W.2d 789 (Tex.Civ.App. 1979, no writ). These cases are not controlling, however, because they were decided before Rule 215 of the Rules of Civil Procedure expressly granted trial courts authority to dismiss a case with prejudice as a sanction for discovery abuse. *See* Tex.R. Civ.P. 215(2)(b)(5) (Supp.1990).

Finally, we would, if called upon, find it difficult to conclude that the threat of dismissal contained in the trial court's November 3 order was intended to refer only to dismissal without prejudice. Since the applicable limitations period on Tri–M's breach of contract claim had not yet run, such a threat would have provided Tri–M with little incentive to comply with the monetary sanctions.

Therefore, we conclude that the trial court did not lose the power to dismiss the case with prejudice as a sanction for discovery abuse after Tri–M filed its notice of dismissal. Tri–M's first and second points of error are overruled.

In its third point of error, Tri–M argues that the trial court abused its discretion in ordering that two of Tri–M's witnesses be prohibited from testifying, either at the trial of the present cause or at any future trial of claims raised in this cause. In light of our holding on the issue raised in Tri–M's first two points of error, its third point is moot; since the trial court's dismissal with prejudice was not improper, there can be no future trial on Tri–M's claims against Clearwater. Accordingly, we need not address the point.

In its brief to this Court, Clearwater requests that we assess money damages against Tri–M pursuant to Rule 84 of the Texas Rules of Appellate Procedure. We conclude that Tri–M's appeal was not one "for delay and without sufficient cause," and we decline to assess the requested damages.

The judgment of the trial court is affirmed.