Francisco **GUILLEN** & Rafaela Guillen, Appellants,

v.

Roman **DeLEON** & Alma DeLeon, Appellees.

No. 04–94–00050–CV.

Court of Appeals of Texas, San Antonio.

Oct. 26, 1994.

Adam Cardenas, Jr., Law Offices of Adam Cardenas, Jr., San Antonio, for appellants.

Stephan B. Rogers, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for appellees.

Before CHAPA, C.J., and LOPEZ and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

This is a case in which the appellants missed their deadline for filing the transcript with this court. Ordinarily, this is fatal to the appeal, and the appeal must be dismissed for want of jurisdiction. However, because we feel the appellants may have been misled by the district clerk's filing an affidavit of impossibility of performance, we grant the extension of time to file the transcript.

The statement of facts was also tardy and no request for extension was timely made. As the district clerk's affidavit dealt only with the transcript, there is no excuse for this late filing, and therefore, the motion for extension of time to file the statement of facts is denied.

By this court's allowing the late filing of the transcript, it is not to be understood that a district clerk's affidavit is sufficient to automatically extend the time for filing. It is not.

The appellant, and the appellant alone, has the burden of bringing the record timely to this court. If a problem exists, it is likewise the appellant's burden to timely request an extension with whatever evidence is appropriate to support the extension request.

The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal.

Tex.R.App.P. 50(d).

Future litigants who do not make a proper filing or request for extensions simply because the district clerk wrote a letter to this court are put on notice. It is neither the district clerk nor the court reporter that has the obligation to bring forth the record. It is the appellant's job.

The following events happened in the appeal before this court:

The trial court signed the judgment on September 13, 1993. A timely motion for new trial extended the appellate timetable. *See* Tex.R.App.P. 41(a)(1). The appellants timely made a cash deposit with the district clerk to perfect the appeal. *See id.* The transcript was due to be filed within 120 days from the entry of the judgment. Tex. R.App.P. 54(a). A motion for extension of time had to be filed within fifteen days of the date the transcript was due. Tex.R.App.P. 54(c). Thus, the appellants had the burden to ensure that the transcript was filed by January 11, 1994, or a motion for extension of time was filed by January 26, 1994.

The transcript arrived in this court on January 21, 1994—past the filing date for the transcript but within the fifteen-day extension period of rule 54(c). On January 5, 1994, before the expiration of any appellate deadlines, the district clerk filed her affidavit with this court. She stated that she was unable to timely complete the transcript. She requested the court to grant her an extension of time in which to complete and transmit the transcript. No request for an extension of time was made by the appellants or their attorney within the time prescribed by rule 54(c).

This court issued a show cause order on February 8, 1994, directing the appellants to show cause why the appeal should not be dismissed for want of jurisdiction due to the late filing of the transcript and the lack of a timely motion for extension of time. On February 10, 1994, a motion for extension of

time from the appellants was received, and on February 22, 1994, a response to the show cause order was received. The appellants' attorney explained that he believed the burden to transmit the transcript to the court of appeals in a timely manner fell on the district clerk and that because the clerk did not inform him of her inability to timely complete the transcript, he was unaware of the need to request an extension. He also stated that he believed an extension had already been granted because the district clerk had made her request for one.

■ It is the duty of the district clerk to "prepare ... and immediately transmit the transcript to the appellate court...." Tex. R.App.P. 51(c). However, as stated earlier in this opinion, the appellant retains the burden to ensure that an adequate record is presented to the appellate court to show reversible error. Tex.R.App.P. 50(d); *Nix v. Fraze*, 752 S.W.2d 118, 120 (Tex.App.—Dallas 1988, no writ). Rule 54(a) precludes this court from considering a late filed transcript in the absence of an extension of time granted pursuant to rule 54(c). Further, the court may not grant an extension outside the fifteen-day limit of rule 54(c). Tex.R.App.P. 54(a); *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982). It is clear that the appellants did not timely file a motion for extension of time to file the transcript.

The Corpus Christi appellate court addressed a similar situation arising with the late tender of the statement of facts. The only timely request for an extension came from the court reporter. The appeals court found the court reporter's explanation for the need of and her request for an extension of time satisfied rule 54(c). *Riviea v. Marine Drilling Co.*, 787 S.W.2d 189, 191 (Tex. App.—Corpus Christi 1990, no writ). The court found that by accepting the court reporter's request as a motion, it honored the principles expressed in Texas Rule of Civil Procedure 1: " '[T]o obtain a just, fair, equitable [sic] and impartial adjudication of the rights of the litigants [by giving the rules] a liberal construction.' " *Id., quoting* Tex. R.Civ.P. 1. The Corpus Christi court also recognized " '[t]he laudable goal,' " expressed by the Texas Supreme Court, of the new

rules of " 'eliminat[ing], insofar as practical, the jurisdictional requirements which sometimes resulted in disposition of appeals without consideration of the merits.' " *Id., quoting, B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 861 (Tex.1982).

The court in *Riviea* went on to note that a motion is an application to the court to render an order. Thus, the court reporter's request in that case was a request for an order. *Riviea v. Marine Drilling Co.*, 787 S.W.2d at 191. The court concluded, "In keeping with the purpose of the rules of appellate procedure, we interpret this affidavit as a motion to extend the time for filing." *Id.* That same court had previously refused to accept a letter from the clerk as a document requesting an extension of time to file the transcript. *Attorney Gen. of Texas v. Segree*, 694 S.W.2d 383, 384 (Tex.App.—Corpus Christi 1985, no writ). However, in *Segree*, the clerk's letter and the transcript were both received outside of rule 54(c)'s time limit. *Id.* In the case before this court, the clerk's affidavit was received within rule 54(c)'s time constraints.

Because we believe the appellants may have been misled by the district clerk's action in seeking her own extension of time to file the transcript, and because the clerk's request was received timely, we will accept the district clerk's letter and affidavit as a timely motion for extension of time to file the transcript.

The time for filing the transcript in this case is extended to January 21, 1994, the date the transcript was received in this court.

■ In his motion to extend the filing date for the transcript, the appellants' counsel also requested an extension of time to file the statement of facts. The statement of facts was due January 11, 1994, Tex.R.App.P. 54(a), and a motion for extension of time was due January 26, 1994, Tex.R.App.P. 54(c). The first motion for extension of time for the statement of facts this court received was the appellant's tardy request filed on February 10, 1994. The motion does not comply with rule 54(c). It was filed beyond the fifteen-day grace period of that rule. It also fails to explain any delay in the request to the court

reporter to prepare the statement of facts. *See* TEX.R.APP.P. 54(c); 53(a). Rule 73(h) and (i) were completely disregarded: no facts explaining the need for the extension were offered and no affidavit by the court reporter is included. *See* TEX.R.APP.P. 73(h), (i); TEX. 4TH CT.APP.R. 3(B). This court has no authority to consider a late statement of facts when no motion for extension of time has been granted. TEX.R.APP.P. 54(c).

The appellants' motion for extension of time to file the statement of facts is denied.