CV6-105 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00105-CV







Ramon J. Rojo, Appellant



v.



Daniel Hollander, Patsy Hollander, Nora Shelton and Doug Siems, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-13164, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING







PER CURIAM


 Ramon J. Rojo attempts to appeal from a summary judgment rendered against him. 
Because the transcript was late, and a timely motion to extend time to file the transcript was not
received, we will dismiss the appeal. Tex. R. App. P. 54(a), 60.

 The judgment was signed September 7, 1995. Appellant filed a timely motion for
new trial and a timely perfecting instrument in the form of an affidavit of indigence. Appellees
contested the affidavit and a hearing was held at which the contest was sustained. The trial court
ordered appellant to file his bond or cash deposit by January 15, 1996. January 15 was a holiday;
therefore, appellant's bond filed January 16, 1996, was timely.

 The transcript was due on January 5, 1996, with any motions for extension due
January 22, 1996. The transcript was not received in the office of the Clerk of this Court until
February 21, 1996, along with a "Motion for Leave to File and for Additional Time for Filing
the Record and Appellant's Brief." The motion recites that the "clerk of the trial court has been
unable to provide this Honorable Court with the necessary appellate materials that were requested. 
Appellant has requested that the material and affidavit from the Clerk of the Court be forwarded
to the appropriate Court of appeals showing why the Clerk of the Court has not replied to
Appellant's requests." A review of the record shows that the Travis County Clerk's office by a
letter dated January 5, 1996, informed counsel for both sides that the clerk's office would not
prepare the transcript until the bond had been filed; and that appellant needed to file for an
extension of time to file the transcript in the appellate court. The record also shows that appellant
did not request a transcript until February 20, 1996, the day before the transcript and motion for
extension were received in this Court's clerk's office.

 The Court has no authority to consider a late-filed transcript in the absence of a
timely motion for extension of time. Tex. R. App. P. 54(a). Further, the Court has no authority
to grant an extension of time to file the transcript outside the fifteen-day limit. B.D. Click Co.
v. Safari Drilling Corp., 638 S.W.2d 860, 862 (Tex. 1982). Appellant complains that he did not
receive the letter from the district clerk. However, it is appellant's responsibility to bring the
record timely to the appellate court. If a problem exists, it is appellant's burden to request a
timely extension with whatever evidence is appropriate to support the extension request. Tex. R.
App. P. 50(d); Guillen v. De Leon, 887 S.W.2d 503, 504 (Tex. App.--San Antonio 1994, no writ). 
Appellant was aware of when the judgment was signed, that a motion for new trial was filed, that
the bond filing had been delayed due to the contest to the affidavit. He certainly could have filed
a motion for extension based on the facts of the case. (1)

 Accordingly, appellant's motion to continue the appeal is overruled and his appeal
dismissed for failing to file a transcript. His pending motion to extend time to file the record and
motion to extend time to file his brief are dismissed. Appellees' pending motion for involuntary
dismissal is dismissed.


Before Justices Powers, Jones and B. A. Smith

Dismissed

Filed: April 17, 1996

Do Not Publish

1.   Appellant complains that he is proceeding pro se. We note that appellees raise serious
questions concerning appellant's pro se status. In any event, his pro se status does not excuse
a late transcript and a late motion for extension.