**REGENT CARE CENTER OF SAN ANTONIO II, LIMITED PARTNERSHIP d/b/a Regent Care Center of Oakwell Farms and RCCSA II, Inc., Appellant,**

v.

Barbara **HARGRAVE, Individually and as Executrix of the Estate of Dorothy Montgomery, and Vernon Lloyd Pierce, Individually, Appellees.**

No. 04–05–00274–CV.

Court of Appeals of Texas, San Antonio.

June 28, 2006.

Karen R. Vowell, D. Ann Comerio, Comerio & Vowell. L.L.P., San Antonio, for appellant.

Mikal C. Watts, Francisco Guerra IV, Alex M. Miller, Watts Law Firm, L.L.P., San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION and REBECCA SIMMONS, Justices.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, SARAH B. DUNCAN, KAREN ANGELINI, SANDEE BRYAN MARION, PHYLIS J. SPEEDLIN and REBECCA SIMMONS, Justices.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

Appellant Regent Care Centers of San Antonio, II, Limited Partnership d/b/a Regent Care Center of Oakwell Farms and RCCSA II, Inc. ("Regent Care") appeals the trial court's denial of its motion for dismissal and sanctions for failure to file an expert report conforming with the requirements of former Article 4590i of the Texas Revised Civil Statutes.[2] Because Appellees Barbara Hargrave, Individually and as Executrix of the Estate of Dorothy Montgomery and Vernon Lloyd Pierce, Individually (collectively "Hargrave") filed a nonsuit in accordance with Texas Rule of Civil Procedure 612, all interlocutory rulings were vitiated. We therefore dismiss this matter for lack of subject matter jurisdiction.

### FACTUAL BACKGROUND

On November 15, 2000, Dr. Rafael Parra performed back surgery on 72 year old Dorothy Montgomery. Approximately six days later, Mrs. Montgomery was discharged for rehabilitation into the custody of Regent Care. On December 18, 2000, Mrs. Montgomery was transferred from Regent Care back to the hospital with acute renal failure. By the time of her transfer, Mrs. Montgomery was suffering from a staph infection and was septic due to an open and draining surgical wound on her back. Mrs. Montgomery was transferred back and forth between the hospital and Regent Care several times before her death on February 18, 2001.

### PROCEDURAL BACKGROUND

On November 15, 2002, Appellee Barbara Hargrave, Individually and as Execu-

2. *See* Medical Liability and Insurance Improvement Act of Texas, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204 § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 74.001–.507 (Vernon 2005)). Because the repealed act was in effect at the time Hargrave filed this lawsuit, we will refer to it by its former statutory designation, Article 4590i.

trix of the Estate of Dorothy Montgomery and Vernon Lloyd Pierce, Individually filed a medical malpractice action, bringing wrongful death and survival claims against several named defendants, including Regent Care. On March 13, 2003, in accordance with the requirements of 13.01(d) of 4590i of the Texas Revised Civil Statutes, Hargrave produced the expert reports of J. Martin Barrash, M.D. and Christopher M. Davey, M.D., P.A. On August 1, 2003, Regent Care filed its motion to dismiss with prejudice and for statutory sanctions alleging inadequacy of the expert report. TEX.REV.CIV. STAT. art. 4590i, § 13.01(r)(6).

On September 3, 2003, the trial court conducted a hearing on Regent Care's motion to dismiss and at the close of the hearing, the trial court took the matter under advisement. After more than four months, on January 14, 2004, the trial court denied the motion to dismiss. Shortly thereafter, Regent Care filed a writ of mandamus on the adequacy of the expert reports with this Court. The writ was denied on March 31, 2004, subsequent to *In re Woman's Hosp. of Texas, Inc.,* 141 S.W.3d 144 (Tex.2004). After Regent Care's motion to reconsider was denied by the trial court, Hargrave filed a notice of nonsuit with prejudice as to Regent Care, which was signed by Regent Care without objection, and signed by the trial court on April 14, 2005. *See* TEX.R. CIV. P. 162.

Regent Care subsequently filed its appeal with this Court, challenging the trial court's denial of its motion to dismiss.

## SUBJECT MATTER JURISDICTION

Regent Care contends that prior to the nonsuit, the trial court's order denying the 4590i dismissal motion was interlocutory and unappealable. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp. 2004–05); *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986)(A judgment that does not dispose of all parties and causes of action is not final and appealable). As such, it was only after the entry of the nonsuit that the order denying the 4590i motion to dismiss became final and appealable. *See Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992) ("Under Texas procedure appeals may be had only from final orders or judgments."). Regent Care asks this Court to expand the exceptions enunciated by the Supreme Court in *In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997) (orig.proceeding) and hold that, under these circumstances, a nonsuit does not vitiate earlier interlocutory orders and preclude an appeal. We decline to do so.[3]

 Texas Rule of Civil Procedure 162 gives plaintiffs the right to nonsuit a case at any time prior to the introduction of all the evidence other than rebuttal evidence. *See* TEX.R. CIV. P. 162;[4] *Aetna Cas. & Sur. Co. v. Specia,* 849 S.W.2d 805, 806 (Tex.1993). However, Rule 162 expressly prevents the nonsuit of an entire cause when the defendant has a claim pending for affirmative relief or sanctions. *Id.* "Although the Rule permits motions

---

**3.** In an almost identical case, the Corpus Christi Court of Appeals similarly dismissed the appeal for lack of jurisdiction. *Villafani v. Trejo,* No. 13–04–449–CV, 2005 WL 2461821 (Tex.App.-Corpus Christi October 6, 2005, no pet.). The appeal was over the trial court's denial of the appellant's motion for dismissal and sanctions after the plaintiff filed a notice of nonsuit. *Id.* at *1. Although it is a memorandum opinion, we find its rational equally applicable in this case.

**4.** TEX.R. CIV. P. 162 provides in part:

At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes.

for costs, attorney's fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot." *The Univ. of Med. Branch at Galveston v. The Estate of Darla Blackmon,* 195 S.W.3d 98, 101 (Tex. 2006). Absent a pending affirmative claim, a trial court has no discretion to refuse to sign an order of dismissal once proper notice of nonsuit has been filed. *In re Bennett,* 960 S.W.2d at 38.

"The term 'pending' indicates the absence of a final decision or resolution." *Tri–M Erectors, Inc. v. Clearwater Constructors, Inc.,* 788 S.W.2d 906, 908 (Tex. App.-Austin 1990, writ denied) (holding motion for sanctions still pending where request for additional sanctions not ruled upon). A motion is pending from the time the motion is filed until it is finally disposed of. *Id.* at 908. In the present case, at the time Hargrave filed the nonsuit, Regent Care did not have a pending claim for relief. Regent Care's live pleading was a general denial accompanied with a request for disclosure. No other pending pleadings or motions were outstanding at the time of the nonsuit. The trial court ruled on Regent Care's motion for sanctions and dismissal prior to entry of the nonsuit. Consequently, the unopposed nonsuit vitiated any actual controversy and rendered the trial court's denial on Regent Care's motion to dismiss moot.

Recently, the Texas Supreme court addressed a similar issue in *Blackmon. Blackmon,* 195 S.W.3d at 100. In that case, while the petitioner's interlocutory appeal from its plea to the jurisdiction was pending in the court of appeals the respondent file a nonsuit and moved to dismiss the appeal for want of jurisdiction. *Id.* The court of appeals, however, denied the respondent's motion and issued an opinion. *Id.* The Texas Supreme Court, applying Rule 162, concluded that the nonsuit deprived the court of appeals of jurisdiction because the nonsuit vitiated the trial court's interlocutory order denying the plea to the jurisdiction. *Id.* at 101.

Similarly, this Court lacks subject matter jurisdiction to review the denial of the motion to dismiss which was rendered moot by the trial court's nonsuit of the case.[5] *See FDIC v. Nueces County,* 886 S.W.2d 766, 767 (Tex.1994) (Mootness doctrine precludes courts from deciding cases where there is no actual controversy); *In re Bennett,* 960 S.W.2d at 38 (As a general rule, a nonsuit vitiates prior interlocutory orders); *Villafani v. Trejo,* No. 13–04–449–CV, 2005 WL 2461821 (Tex.App.-Corpus Christi, October 6, 2005, no pet.). Accordingly, Regent Care's appeal is dismissed for lack of jurisdiction.

Dissenting opinion by SARAH B. DUNCAN, Justice (joined by PHYLIS J. SPEEDLIN, Justice).

SARAH B. DUNCAN, Justice, dissenting (joined by PHYLIS J. SPEEDLIN, Justice).

The threshold issue in this appeal is jurisdiction, specifically whether an order

---

Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a *pending claim for affirmative relief* or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, *pending* at the time of dismissal, as determined by the court. Any dismissal pursuant to this rule which terminates the case shall authorize the clerk to tax court costs against dismissing party unless otherwise ordered by the court. (emphasis added).

**5.** We note that this opinion may have limited application as the Legislature enacted § 51.014 of the Civil Practice and Remedies Code which provides for an interlocutory appeal from a denial of the relief sought by a motion under Section 74.351 for actions filed on or after September 1, 2003.

granting a plaintiff's motion for a nonsuit with prejudice moots the defendant's appeal of the trial court's earlier order denying the defendants' motion for statutory sanctions (dismissal with prejudice, attorney's fees, and costs) for the plaintiffs' failure to either serve an expert report or take a nonsuit within 180 days after they filed a health care liability claim. The panel dismisses the appeal for lack of jurisdiction, holding a nonsuit taken after the motion to dismiss was denied moots the appeal. However, even if an appeal is "otherwise moot," "a dispute concerning attorney's fees preserve[s] a live controversy" and precludes mootness. *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex.2005) (citing *Allstate Ins. Co. v. Hallman,* 159 S.W.3d 640, 642 (Tex. 2005)). Regent Care's claim for statutorily-mandated sanctions (attorney's fees and costs) thus "preserve[s] a live controversy." *Id.; see Moseley v. Behringer,* 184 S.W.3d 829 (Tex.App.-Fort Worth 2006, no pet.).

In *Moseley,* the Fort Worth Court of Appeals considered the merits of the defendants' appeal of an order that granted the defendants' motion for statutory sanctions in part (attorney's fees and costs) but denied the defendants' motion to dismiss with prejudice and instead granted the plaintiffs' subsequent oral motion for a nonsuit without prejudice. *See id.* at 831. Recognizing that "a trial court has no authority to grant a nonsuit without prejudice or voluntary dismissal of a medical liability claim when the 180-day time period has expired and a provider has filed a motion to dismiss with prejudice as a statutorily authorized sanction," *id.* at 834, the Fort Worth Court of Appeals held "the trial court erred in granting [the plaintiffs' oral motion for a] nonsuit and abused its discretion in denying [the defendants'] mo-

tion for dismissal with prejudice." *Id.* at 835. As the court recognized, "[t]he language of the statute compels this conclusion; otherwise the directive to claimants to either timely file their reports or to timely voluntarily nonsuit their claims would be superfluous." *Id.* at 834. In so doing, the court implicitly recognizes that, although the appeal presented only one point of dispute between the parties— whether the nonsuit should have been with or without prejudice—that one point of dispute "preserved a live controversy" and vested the court with jurisdiction to decide the appeal. So it is here.

In my view, the panel's opinion in this appeal incorrectly decides an important issue of appellate jurisdiction and invites future abuse of the statutory scheme for the handling of health care liability claims by permitting a plaintiff who fails to comply with the 180-day deadline to control whether a defendant may appeal an order denying any part of the statutorily-mandated sanctions. I therefore requested en banc consideration of this appeal. A majority of the court has voted to deny en banc consideration. I dissent.