251 S.W.3d 517 (2008)
REGENT CARE CENTER OF SAN ANTONIO II, Limited Partnership d/b/a Regent Care Center of Oakwell Farms and RCCSA II, Inc., Petitioners,
v.
Barbara HARGRAVE, Individually and as Executrix of the Estate of Dorothy Montgomery, and Vernon Lloyd Pierce, Individually, Respondents.
No. 06-0717.
Supreme Court of Texas.
April 18, 2008.
Karen R. Vowell, D. Ann Comerio, Attorney At Law, San Antonio TX, for Petitioners.
Alex M. Miller, Watts Law Firm, L.L.P., San Antonio, Mikal C. Watts, Watts Law Firm, L.L.P., Corpus Christi, John Hunter Craft, Francisco Guerra, Watts Law Firm, L.L.P., Houston TX, for Respondents.
*518 W. Richard Wagner, Robert R. Biechlin Jr., for Person Interested.
PER CURIAM.
At issue in this case is whether the trial court's denial of a motion for sanctions under former article 4590i of the Medical Liability Insurance Improvement Act (MLIIA) is appealable following a plaintiff's nonsuit.[1] The court of appeals dismissed the case for lack of jurisdiction, concluding that the trial court's subsequent entry of the plaintiff's nonsuit rendered moot the interlocutory order denying the motion. 202 S.W.3d 807, 810. Because our decision in Villafani v. Trejo, 251 S.W.3d 466 (Tex.2008), governs the case at bar, we reverse the court of appeals' judgment and remand to the court of appeals to consider the merits of the appeal.
On November 15, 2002, plaintiff Barbara Hargrave, individually and as executrix of the estate of Dorothy Montgomery, and Vernon Lloyd Pierce (collectively plaintiffs) filed suit for medical malpractice against Regent Care Center of San Antonio II, LP d/b/a Regent Care Center Oakwell Farms and RCCSA II, Inc. (collectively Regent Care). On March 14, 2003, plaintiffs filed an expert report. The trial court denied Regent Care's subsequent motion for dismissal and sanctions, which claimed the expert report was inadequate. On January 29, 2004, Regent Care filed a petition for writ of mandamus, which the Court of Appeals for the Fourth District denied. In re Regent Care Ctr. of San Antonio II, L.P., No. 04-04-00056-CV, 2004 WL 624923, 2004 Tex.App. LEXIS 2816 (Tex.App.-San Antonio March 31, 2004, orig. proceeding). Plaintiffs then filed a notice of nonsuit with prejudice, which the trial court entered on April 14, 2005. Regent Care timely perfected an appeal of the trial court's order denying the motion. The court of appeals held that the nonsuit and dismissal rendered the interlocutory order moot and thus deprived the court of jurisdiction. 202 S.W.3d at 810.
In Villafani, a defendant appealed the trial court's denial of his motion for dismissal and sanctions after the entry of nonsuit. 251 S.W.3d at 467. We held that the court of appeals had jurisdiction to determine whether the trial court abused its discretion in denying the motion. Id. Like Villafani, Regent Care appealed the trial court's denial of its motion after the entry of nonsuit. The filing of a nonsuit with prejudice in this case, rather than a nonsuit without prejudice as in Villafani, is not a material distinction for the purpose of this holding. See Camarena v. Tex. Employment Comm'n, 754 S.W.2d 149, 151 (Tex.1988). The court of appeals' *519 judgment that it lacked jurisdiction in this case is thus erroneous. See Villafani, 251 S.W.3d at 471.
Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and remand this case to that court to consider the merits of the appeal in light of our opinion in Villafani. See TEX.R.APP. P. 59.1, 60.2(f).
NOTES
[1] After the filing of this case, the Legislature repealed, codified, and amended parts of the MLIIA. Act of June 2, 2003, 78th Leg., R.S., ch. 204, 2003 Tex. Gen. Laws 847 (current version at TEX. CIV. PRAC. & REM. CODE §§ 74.001-.507). The amendments relevant to this case were not made effective until September 1, 2003. Accordingly, Texas Revised Civil Statutes article 4590i continues to govern this case. Acts of May 30, 1977, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, amended by Act of May 18, 1979, 66th Leg., R.S., ch. 596, 1979 Tex. Gen. Laws 1259, amended by Act of May 26, 1989, 71st Leg., R.S., ch. 1027, §§ 27, 28, 1989 Tex. Gen. Laws 4128, 4145, amended by Act of March 21, 1991, 72d Leg., R.S., ch. 14, § 284, 1991 Tex. Gen. Laws 42, 222, amended by Act of May 25, 1993, 73d Leg., R.S., ch. 625, 1993 Tex. Gen. Laws 2347, amended by Act of May 5, 1995, 74th Leg., R.S., ch. 140, 1995 Tex. Gen. Laws 985, amended by Act of June 1, 1997, 75th Leg., R.S., ch. 1228, 1997 Tex. Gen. Laws 4693, amended by Act of June 2, 1997, 75th Leg., R.S., ch. 1396, §§ 44, 45, 1997 Tex. Gen. Laws 5202, 5249, amended by Act of May 13, 1999, 76th Leg., R.S., ch. 242, 1999 Tex. Gen. Laws 1104, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.