

# OPINION

No. 04-05-00274-CV

**REGENT CARE CENTER OF SAN ANTONIO II, LTD. PARTNERSHIP**
d/b/a Regent Care Center of Oakwell Farms and RCCSA II, Inc.,
Appellant

v.

Barbara **HARGRAVE**, Individually and as Executrix of the Estate of
Dorothy Montgomery, and Vernon Lloyd Pierce, Individually,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-06294 (Severance from Trial Court No. 2002-CI-16541)
Honorable Lori Massey, Judge Presiding

## ON APPELLEES' MOTION FOR REHEARING

Opinion by:    Rebecca Simmons, Justice

Sitting:    Chief Justice Alma L. López[1]
     Sandee Bryan Marion, Justice
     Rebecca Simmons, Justice

Delivered and Filed:  August 31, 2009

REVERSED AND REMANDED

The motion for rehearing filed by appellees Barbara Hargrave, Individually and as

Executrix of the Estate of Dorothy Montgomery, and Vernon Lloyd Pierce, Individually, is

---

[1]  Chief Justice Alma L. López, retired, not participating.

denied. This court's opinion and judgment dated April 3, 2009, are withdrawn, and this opinion and judgment are substituted.

This case is on remand from the Texas Supreme Court. *See Regent Care Ctr. of San Antonio II, Ltd. P'ship v. Hargrave*, 251 S.W.3d 517 (Tex. 2008). On original submission, we dismissed the appeal for lack of jurisdiction holding that this Court lacked subject matter jurisdiction to review the denial of the motion to dismiss and for sanctions which was rendered moot by the trial court's subsequent nonsuit. This court, however, never reached the merits of the appeal. On remand, the sole remaining issue is the adequacy of the expert report.

Appellants Regent Care Centers of San Antonio II, Limited Partnership d/b/a Regent Care Center of Oakwell Farms and RCCSA II, Inc. (Regent Care) appeal the trial court's denial of its motion to dismiss based on an inadequate expert report under former article 4590i of the Texas Revised Civil Statutes. Appellees Barbara Hargrave, Individually and as Executrix of the Estate of Dorothy Montgomery and Vernon Lloyd Pierce, Individually (collectively Hargrave) contend that the expert report, taken in its entirety, provided sufficient information for the trial court to determine that the allegations against Regent Care had merit. On remand, we hold the trial court erred in denying Regent Care's motion to dismiss in accordance with the requirements set forth in article 4590i. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.

## FACTUAL BACKGROUND

On November 15, 2000, Dr. Rafael Parra performed back surgery on seventy-two year old Dorothy Montgomery. Approximately six days later, Mrs. Montgomery was discharged for

rehabilitation into the custody of Regent Care. On December 18, 2000, Mrs. Montgomery was transferred from Regent Care back to the hospital with acute renal failure. By the time of her transfer, Mrs. Montgomery was suffering from a staphylococci infection and was septic due to an open and draining surgical wound on her back. Mrs. Montgomery was transferred back and forth between the hospital and Regent Care several times before her death on February 18, 2001.

Hargrave filed a medical malpractice lawsuit against two physicians and Regent Care. In order to comply with the Texas Medical Liability and Insurance Improvement Act (the Act), Hargrave timely filed an expert report prepared by Dr. Christopher M. Davey. *See id.*[2] Regent Care subsequently moved to dismiss the lawsuit, with prejudice, claiming the report did not comply with the statutory requirements. *See id.* sec. 13.01(e), (l), (r)(6), 1995 Tex. Gen. Laws 985, 986–87. The trial court denied Regent Care's motions to dismiss, and this appeal followed.

### ADEQUACY OF EXPERT REPORT

Regent Care asserts that the trial court abused its discretion in denying Regent Care's Motion to Dismiss with Prejudice and for Statutory Sanctions and the motion to reconsider the same because the expert report inadequately explains causation. Hargrave contends the expert report contains sufficient information regarding causation for the court to have reasonably concluded the claims against Regent Care had merit.

### A. Standard of Review

The standard of review of a trial court's order either dismissing or refusing to dismiss a medical malpractice claim for failure to comply with the expert report provisions of section 13.01(d) of article 4590i is abuse of discretion. *See Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex.

---

[2] All health care liability claims filed before September 1, 2003, must comply with section 13.01(d) of article 4590i. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 1, sec. 13.01(d), 1995 Tex. Gen. Laws 985, 986, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884.

2001). An abuse of discretion occurs when a trial court acts arbitrarily or unreasonably and "without reference to any guiding rules or principles." *Walker*, 111 S.W.3d at 62. A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Baylor Univ. Med. Ctr. v. Biggs*, 237 S.W.3d 909, 916 (Tex. App.–Dallas 2007, pet. denied).

**B. Sufficiency of the Expert Report**

The Act defines an expert report as a written report by an expert that provides a fair summary of the expert's opinions regarding: (1) applicable standards of care, (2) the manner in which the care rendered failed to meet the standards, and (3) the causal relationship between that failure and the injury, harm, or damages claimed. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 1, sec. 13.01(r)(6), 1995 Tex. Gen. Laws 985, 987 (repealed 2003). If a plaintiff fails to comply with section 13.01(d), a defendant may seek sanctions pursuant to section 13.01(e) and the trial court shall grant the motion to dismiss with prejudice and award costs and attorneys' fees to the defendant. *See id.* sec. 13.01(e), (f), 1995 Tex. Gen. Laws 985, 986. The dispositive question is whether the expert report represents a good-faith effort to comply with section 13.01(r)(6). *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 51–52 (Tex. 2002) (citing Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 1, sec. 13.01(r)(6), 1995 Tex. Gen. Laws 985, 987 (repealed 2003)).

To constitute a good-faith effort to establish the causal relationship element under the Act, the expert "report need not marshal all the plaintiff's proof," or present evidence as if the plaintiff was actually litigating the merits. *See Bowie Mem'l Hosp.*, 79 S.W.3d at 52–53; *accord Palacios*, 46 S.W.3d at 878. No magic words such as "reasonable medical probability" are required for the report to comply with the Act. *Bowie Mem'l Hosp.*, 79 S.W.3d at 53. The report

must (1) "inform the defendant of the specific conduct the plaintiff has called into question," and (2) "provide a basis for the trial court to conclude that the claims have merit." *Palacios*, 46 S.W.3d at 879. A report that merely sets forth the expert's conclusions is insufficient to satisfy these two purposes. *Bowie Mem'l Hosp.,* 79 S.W.3d at 53. In assessing the adequacy of the report, the trial court may not make inferences and is confined to the four corners of the report. *Id.*

## C. Causation

Regent Care argues that the expert report filed by Dr. Davey is inadequate and, consequently, dismissal was mandatory. Regent Care challenges only the causation element of the report, and contends the report does not meet the statutory requirements because it is conclusory and based upon mere conjecture and possibility.[3] In particular, Regent Care complains that Dr. Davey's report: (1) contains conclusory statements as to causation and fails to link the alleged breaches to the injuries and damages alleged, and (2) fails to address the numerous allegations contained in the First Amended Original Petition. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 1, sec. 13.01(l), 1995 Tex. Gen. Laws 985, 987 (repealed 2003).

As to causation, in the concluding paragraph, Dr. Davey opines "the Breach of the Standard of Care as set forth for each Physician and[/]or Nursing Home in this report was a proximate cause of the death of Dorothy Montgomery." Regent Care argues that the one sentence conclusion on causation is insufficient to satisfy article 4590i. We agree. While a claimant is not required to conclusively prove her case through a preliminary expert report, the report may not merely state conclusions about any of the elements. *Palacios*, 46 S.W.3d at 879. "'[T]he expert must explain the basis of his statements to link his conclusions to the facts.'"

---

[3] Because Regent Care does not dispute that the expert report fairly summarizes the elements of applicable standard of care and breach, we review Dr. Davey's report as to the causation element only.

*Bowie Mem'l Hosp.*, 79 S.W.3d at 52 (quoting *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999)). *Bowie* cautions that no "'magical words'" are required to establish the necessary causal link. *See Bowie Mem'l Hosp.*, 79 S.W.3d at 53. But, to avoid being conclusory, "the expert must explain the basis of his statements to link his conclusions to the **facts.**" *Bowie*, 79 S.W.3d at 52 (emphasis added) (quoting *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999)).

Hargrave responds that the report provides "several statements about causation of Mrs. Montgomery's injuries (renal failure and sepsis) and eventual death, and provides factual information to allow the court to understand his causation opinions." Specifically Hargrave identifies the following two standards of care breached by Regent Care:

> (i) The nursing home staff did not adequately and timely inform the physician of the increasing amount of drainage from her back incision in December 2000, which reasonable staff in a similar situation would do[, and;]

> (ii) The nursing home allowed [Mrs. Montgomery] to become so dehydrated that she actually went into renal failure by 12/18/00. Her initial lab results indicate severe dehydration, which most likely occurred over several days and should have been physically apparent—i.e., not taking fluids, dry tongue, increasing lethargy. A reasonable nursing home in a similar situation would have noted her decline and alerted the physician much earlier.

In essence, Hargrave criticizes the nursing staff for failing to inform the doctors about Mrs. Montgomery's increased drainage and for allowing her to become dehydrated.

Dr. Davey's report provides that: "the cause of the renal failure was most likely dehydration, as it **resolved** just with fluid replacement" (emphasis added) thereby refuting dehydration as the cause of Mrs. Montgomery's death. Additionally, he fails to link Regent Care's failure to timely inform a physician of increased drainage in December 2000 to Mrs. Montgomery's subsequent death in February 2001 due to sepsis.[4] This is particularly true

---

[4] Although Hargrave suggests that Dr. Davey's report includes several statements regarding causation of "Mrs. Montgomery's injuries (renal failure and sepsis) and eventual death," the report clearly provides that Mrs. Montgomery "died of sepsis under palliative Hospice care 2/18/01."

considering Mrs. Montgomery's admission to the hospital and care provided by Dr. Wilcox in December. *See Costello v. Christus Santa Rosa Health Care Corp.*, 141 S.W.3d 245, 247 (Tex. App.—San Antonio 2004, no pet.) (criticizing the expert report as insufficient because it does not "explain the causal connection between [the hospital's] claimed omissions (failed to appropriately triage and evaluate) and [the patient's] death"). Dr. Davey's opinion fails to articulate facts connecting the criticized deviations from the standard of care by Regent Care with Mrs. Montgomery's dehydration, sepsis, or death.

*Bowie* cautions that no "'magical words'" are required to establish the necessary causal link. *See Bowie Mem'l Hosp.*, 79 S.W.3d at 53. But, to avoid being conclusory, "the expert must explain the basis of his statements to link his conclusions to the **facts.**" *Bowie*, 79 S.W.3d at 52 (emphasis added) (quoting *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999)). Dr. Davey's opinion contains no information about the cause of Mrs. Montgomery's dehydration; we are, therefore, left to infer that because Mrs. Montgomery presented at the hospital with severe dehydration, Regent Care violated a standard that caused the dehydration. *See Villa v. Hargrove*, 110 S.W.3d 74, 79 (Tex. App.—San Antonio 2003, pet. denied) (noting that the expert report's statement that defendants should have "'recognized' imminent sepsis and 'hospitalized' [plaintiff] does not explain how each failed to meet the explicable standard of care" and is conclusory). Accordingly, we conclude that Dr. Davey's expert report fails to establish a causal relationship between the alleged departure from a standard of care and Mrs. Montgomery's dehydration, sepsis, or death.

Dr. Davey's expert report required the trial court to infer causation, and under the four corners rule, the trial court is prohibited from doing so. *See Bowie Mem'l Hosp.*, 79 S.W.3d at 52. It, therefore, follows that Dr. Davey's report was deficient as to causation and "the report

does not represent a good-faith effort to comply with the [statutory requirements]." *See id.* at 51. Because we hold the expert report was inadequate as to causation, we need not address the allegations concerning negligence. *See* TEX. R. APP. P. 47.1 (requiring concise opinions addressing only those issues "necessary to find disposition of the appeal").

### CONCLUSION

The expert report fails to link Regent Care to Mrs. Montgomery's dehydration, sepsis, or subsequent death; thus, it does not contain the necessary elements of causation. Accordingly, because the expert report is inadequate, the trial court abused its discretion in failing to dismiss the case against Regent Care, with prejudice, and award reasonable attorney fees. *See* Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 1, sec. 13.01(e), (l), 1995 Tex. Gen. Laws 985, 986–87 (repealed 2003). We, therefore, reverse the order of the trial court and remand this matter to the trial court for further proceedings consistent with this opinion.

Rebecca Simmons, Justice