*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# OPINION

No. 04-09-00404-CV

Margaret **JORGENSEN**,
Appellant

v.

**TEXAS MEDCLINIC**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-17110
Honorable Janet Littlejohn, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed: July 21, 2010

REVERSE AND REMAND

Margaret Jorgensen appeals from the trial court's order granting Texas MedClinic's motion

to dismiss for failure to file an adequate expert report pursuant to section 74.351 of the Texas Civil

Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp.

2009). Jorgensen contends the trial court abused its discretion in finding the report inadequate, and

alternatively, in refusing to allow her to amend the report. We reverse the trial court's order granting Texas MedClinic's motion to dismiss, and remand this cause for further proceedings.

## BACKGROUND

According to Jorgensen's petition, she and her two children received flu shots at a Texas MedClinic in San Antonio, Texas. Jorgensen claimed that when she received her shot, the needle was placed "at the midpoint of her upper right arm," and she immediately felt a burning sensation that radiated "down her outer arm and including the little finger and ring finger of her right hand." Jorgensen believed the needle had "hit a nerve," and the burning sensation and numbness she was experiencing would soon resolve themselves. Jorgensen, however, alleged the problems continued, and she was unable to do many normal, daily activities. Jorgensen claimed she ultimately sought medical help, and an MRI of her cervical spine ruled out nerve impingement. Other tests resulted in a diagnosis of sensory ulnar neuropathy of the right ulnar nerve, and Jorgensen was referred to physical therapy. Later, Jorgensen was seen by Dr. Robert Lowry, who determined Jorgensen had suffered trauma to her right arm as a result of a toxin and ulnar nerve injury above the elbow. According to Dr. Lowry, the flu shot Jorgensen received "was actually placed at the tendon above the right elbow such that the vaccine was injected below the tendon and worked around the plan of the humerus to chemically injure both the ulnar nerve and the tendon itself, resulting in shoulder weakness, decreased range of motion and paresthesia." According to the petition, physical therapy did not alleviate Jorgensen's condition, and she continues to suffer from numbness and pain.

In 2008, Jorgensen filed a health care liability claim against Texas MedClinic based on respondeat superior. Jorgensen asserted that "[t]he person who negligently administered the injection in question was acting as an employee and/or agent of Texas MedClinic and was acting

within the course and scope of her employment." In support of her claim, and in an attempt to comply with the requirements of section 74.351(a) of the Texas Civil Practice and Remedies Code, Jorgensen served Texas MedClinic with a report from Dr. Lowry. Texas MedClinic filed an objection to the report and a motion to dismiss, asserting the report was insufficient as a matter of law. At the hearing on Texas MedClinic's motion to dismiss, the argument was limited to the failure of the expert report to include the name of the defendant in the expert report. At the conclusion of the hearing, the trial court stated that based on case law provided by Texas MedClinic regarding the failure of Jorgensen's report to name Texas MedClinic, it had no choice but to grant the motion to dismiss. The parties did not argue, nor did the trial court consider the alleged substantive inadequacy raised in Texas MedClinic's objection, i.e., the insufficiency of the causation element. The trial court also denied Jorgensen's request to allow her time to amend the report. Jorgensen then perfected this appeal.

## ANALYSIS

Jorgensen raises three issues on appeal. She contends: (1) because there was but one defendant in this case, her expert report constituted a good faith effort to comply with the expert report requirement of section 74.351, and therefore the trial court abused its discretion in granting the motion to dismiss; (2) because Texas MedClinic was sued under the doctrine of respondeat superior as opposed to direct negligence it was unnecessary to name Texas MedClinic in the report, and therefore the trial court abused its discretion in granting the motion to dismiss; and (3) even if the report was deficient for failing to name Texas MedClinic, the trial court abused its discretion in refusing to allow Jorgensen an opportunity to amend the report.

An appellate court reviews a trial court's order dismissing a claim for failure to comply with the expert reporting requirements of section 74.351 under an abuse of discretion standard. *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006) (reviewing adequacy of expert report for abuse of discretion under predecessor statute) (citing *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877-78 (Tex. 2001)); *Regent Care Ctr. of San Antonio II, Ltd. P'ship v. Hargrave*, 300 S.W.3d 343, 345 (Tex. App.—San Antonio 2009, pet. denied) (same). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1986)); *Hargrave*, 300 S.W.3d at 345. A trial court has no discretion in determining what the law is or applying it to the facts of the case. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642-43 (Tex. 2009) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). If a trial court fails to analyze or apply the law correctly, it has abused its discretion. *Id.*; *Hargrave*, 300 S.W.3d at 345-46. In other words, "a trial court's 'erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion.'" *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex. 2001) (orig. proceeding) (quoting *Huie v. DeShazo*, 922 S.W.2d 920, 927-28 (Tex. 1996) (orig. proceeding)).

Section 74.351 requires a plaintiff to serve on each party "one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). An "expert report" is "a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care providers failed to meet the standards, and the causal

relationship between that failure and the injury, harm or damages claimed." *Id*. § 74.351(r)(6). A court must grant a motion to dismiss under section 74.351(b) if, after the deadline for serving the report has passed, it appears to the court "the report does not represent an objective good faith effort to comply with the definition of an expert report." *Id*. § 74.351(l).

To qualify as a "good faith effort," the report need not "marshal all the plaintiff's proof," or present evidence as if the plaintiff were litigating the merits. *Palacios*, 46 S.W.3d at 878; *Hargrave*, 300 S.W.3d at 346. Rather, to satisfy the "good faith" requirement, the report need only provide enough information to fulfill two purposes: (1) "inform the defendant of the specific conduct the plaintiff has called into question," and (2) "provide a basis for the trial court to conclude that the claims have merit." *Palacios*, 46 S.W.3d at 879; *Hargrave*, 300 S.W.3d at 346.

Texas MedClinic contends the report is not a good faith effort, and in fact is no report at all because it does not name Texas MedClinic or any of its employees or agents. Texas MedClinic contends, among other things, that without knowing which employee or agent administered the flu vaccine, this court must speculate as to the applicable standard of care, which is not permitted. *See Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex. 2002). Texas MedClinic suggests that by not naming Texas MedClinic or any of its employees or agents, the report fails because it lacks sufficient specificity to link Texas MedClinic to the required elements of the report. Based on the specific facts of this case, we disagree, and hold the report did constitute a good faith effort to comply with the mandates of section 74.351. *See Palacios*, 46 S.W.3d at 879; *Hargrave*, 300 S.W.3d at 346.

We recognize this case is unusual–most cases in which the report fails to name the defendant involve more than one health care provider, or a course of treatment that necessarily involves other health care providers. *See, e.g., Rivenes v. Holden*, 257 S.W.3d 332, 333, 338 (Tex. App.—Houston

[14th Dist.] 2008, pet. denied); *Apodaca v. Russo*, 228 S.W.3d 252, 257-58 (Tex. App.—Austin 2007, no pet.). Here, however, there is one defendant, one defined medical procedure, and one applicable standard of care. More specifically, there is but one defendant named in a petition that contends as its sole basis of liability that a flu vaccine was improperly administered by agents or employees of that one defendant. There is but one specific medical procedure at issue versus a course of treatment involving numerous health care providers. And, finally, despite Texas MedClinic's assertion, there is but one applicable standard of care in this case, i.e., the standard of care applicable to the proper administration of a flu vaccine, whether it be administered by a doctor, a physician's assistant, a nurse practitioner, a nurse, or any other health care provider qualified to administer vaccines. It is self-evident that the proper protocol for the administration of a flu vaccine does not vary among health care providers, and therefore, the standard of care applicable in this case is the same no matter who performed the procedure.

Accordingly, we hold under the specific confines of this case, i.e., a single defendant named in the petition, alleging a single defined medical procedure, which involves one applicable standard of care, the section 74.351 report served by Jorgensen was a "good faith effort." *See Palacios*, 46 S.W.3d at 879; *Hargrave*, 300 S.W.3d at 346. The failure in this case to name Texas MedClinic in the report did not result in a failure to inform Texas MedClinic of the specific conduct called into question, i.e., the improper administration of a flu vaccine, nor did it deprive the court of sufficient information to determine whether Jorgensen's claim had merit. *See Palacios*, 46 S.W.3d at 878-79; *Hargrave*, 300 S.W.3d at 346. Accordingly, the failure to include the name of the defendant or its employees in the section 74.351 report did not result in an inadequate or absent report. The trial court therefore reached an erroneous legal conclusion, thereby abusing its discretion, in determining

the failure to name Texas MedClinic in the report rendered it inadequate or "no report." *See Perry*, 66 S.W.3d at 257.

> When the trial court rendered its decision during the hearing, the court specifically stated:

> See, I don't know that I have any choice . . . other than to grant a motion to dismiss because my reading of the Apodaca case indicates that because there's no reference to a specific defendant, that it's as if there's no report filed. And with the report being due in 120 days, if I have to treat this as if no report is filed, then I think the only thing I can do is to dismiss it.

Based on the court's statement, it clearly concluded that it was legally bound to dismiss the case because of the failure to name Texas MedClinic in the report. And, in reaching this conclusion, the court believed it was so bound because of the decision of the Austin Court of Appeals in *Apodaca v. Russo*. 228 S.W.3d at 257-58. This was the sole basis for the trial court's decision.

We hold the court was not bound by *Apodaca*, and in fact reached an erroneous legal conclusion by relying on that case. *See Perry*, 66 S.W.3d at 257. In *Apodaca*, the court of appeals affirmed a trial court's dismissal of a health care liability claim where the section 74.351 report failed to name the defendant health care provider. 228 S.W.3d at 257-58. However, in reaching its decision, the court specifically noted the report implicated other doctors and health care providers, and referenced their conduct. *Id.* at 257. Additionally, the plaintiff in *Apodaca* underwent a course of treatment over several days that involved numerous health care providers. *Id*. at 253-56. Here, other health care providers are not implicated in the report with regard to Jorgensen's injury, nor is it even suggested that other health provider engaged in conduct that resulted in the alleged injury. And, Jorgensen was not subjected to a course of treatment over several days, but a single, defined medical procedure that took minutes. *Apodaca* is therefore distinguishable on its facts.

We recognize that in its objections and motion to dismiss, as well as on appeal, Texas MedClinic contends that even if the trial court erred in granting the motion to dismiss based on Jorgensen's failure to name Texas MedClinic in the expert report, the dismissal was proper because the causation element of the report was conclusory, thereby rendering the report inadequate. We express no opinion on this issue because although the issue was raised in the objection and motion to dismiss, it was not argued at the hearing, and as previously noted, the trial court specifically stated its decision to dismiss was based on the failure to name Texas MedClinic in the report. The trial court never had an opportunity to rule on this contention.

Based on the foregoing, and under the specific facts of this case, the trial court erred in granting the motion to dismiss, and we reverse the trial court's order and remand this matter for further proceedings.

Marialyn Barnard, Justice