Opinion issued March 1, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-11-00136-CV

———————————

Rajeswari Thiagara Rajan,
M.D., Appellant

 

V.

 

Charles and
JamIE Stockdale, individually and as representatives of the estate of charles
william stockdale, III and James and Toren Dukes, as legal guardians of minor
children A. L. S. and C. W. S., IV,
Appellees



 



 

On Appeal from the 133rd Judicial District Court

Harris County, Texas



Trial Court Case No. 2008-10581

 



 

MEMORANDUM OPINION ON REHEARING

Appellant,
Rajeswari Rajan,
M.D., has moved for rehearing. 
We grant
rehearing, withdraw our opinion and judgment of December 15, 2011, and
issue the following in their stead.  

This is an interlocutory appeal from an order finding
a medical expert report sufficient to proceed with a medical malpractice case.[1]  Charles and Jamie Stockdale, individually and
as representatives of the estate of Charles Stockdale, III, and James and Toren Dukes, as legal guardians of the decedent’s minor
children (collectively, “the Stockdales”), sue Rajan for medical malpractice arising out of Charles’s
death from a prescription drug overdose. 
Rajan moved to dismiss the claims against her,
challenging the sufficiency of the Stockdales’ expert
report.  See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(l) (West 2011).  

Rajan contends that the trial court abused
its discretion in denying her motion to dismiss, because the Stockdales’ expert report does not comply with the
statutory expert report requirements.  See id. § 74.351(r)(6).  We conclude that the expert report does not
proffer the required causal relation between the alleged malpractice and the
injury ascribed to it.  Accordingly, we
reverse the order of the trial court and render judgment dismissing the Stockdales’ claims against Rajan
with prejudice.

On rehearing, Rajan
observes that our December 15 opinion failed to address attorney’s fees.  Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(b)(1) provides that the Court shall enter an order that “awards
to the affected physician or health care provider reasonable attorney’s fees
and costs of court . . . .”  We hold
that the Stockdales did not serve a sufficient expert
report and dismiss their claims against Rajan with
prejudice.  Thus, an award of attorney’s
fees is proper.  See id. We modify the judgment to remand the cause to the trial
court for consideration of reasonable attorney’s fees to be awarded to Rajan.  

BACKGROUND

          The
facts, as set forth in the disputed expert report, are as follows: Rajan was a physician with the Gulf Coast Medical Group, practicing
in the same group as Steven Kloeris, M.D., her
co-defendant in the trial court.  In November
2005, Charles Stockdale visited Kloeris,
complaining of severe anxiety and panic attacks.  Charles informed Kloeris
that he was taking 2 mg of alprazolam (Xanax) twice per day.  Kloeris diagnosed
Charles with generalized anxiety disorder, panic disorder, and migraines.  He prescribed ninety tablets of alprazolam (2
mg) and twenty-eight tablets of hydrocodone (Vicodin,
7.5 mg).  Charles returned to Kloeris sixteen days later and received prescription
refills.  On this visit, Kloeris prescribed an additional ninety tablets of
alprazolam and sixty tablets of hydrocodone (10 mg). 

Charles’s wife, Kristen, was also a patient of the
Gulf Coast Medical Group. Her chart included a statement that, a year before
the overdose, she “confided to the nurse [at Clear Lake Regional Medical
Center] that she regularly visits emergency rooms complaining of different
areas of pain in order to get Vicodin [hydrocodone]
prescriptions for her husband.”  Most of
Kristen’s medical records refer to her by her maiden name, Arsement;
however, the occasional record refers to her as “Kristen Stockdale” and mentions
her husband, Charles Stockdale.  Her
medical records contain a copy of her driver’s license, listing her name as
“Kristen Stockdale.” 

On December 2, 2005, Kristen presented to Rajan as an assault victim, stating that her
mother-in-law had hit her.  She complained
of lower back pain.  Rajan
prescribed hydrocodone and a sleeping aid for Kristen.  Eight days later, Rajan
refilled Kristen’s prescription for hydrocodone (12 tablets).  Rajan never treated
Charles, nor prescribed him any drugs.  

On December 16, 2005, one day after Charles’s second
visit to Kloeris, he died of a prescription drug
overdose.  The Harris County Medical Examiner
listed Charles’s official cause of death as “the toxic effects of Hydrocodone,
Alprazolam, and Diazepam [Valium].” 

The Stockdales sued both Kloeris and Rajan for negligence,
gross negligence, and wrongful death.  Pursuant
to section 74.351 of the Civil Practice and Remedies Code, within 120 days of
filing suit, the Stockdales served an expert report
by Dr. Hugh Poindexter.  Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(a) (West 2011).  Kloeris and Rajan both objected to its sufficiency and moved to dismiss
the case against them due to the insufficiency of the report.  The trial court denied the motions.  Kloeris and Rajan appealed the trial court’s ruling.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(9)
(West 2008).

On appeal, we held that the report was sufficient as
to Kloeris but not as to Rajan;
we remanded the case to the trial court to determine whether to grant the Stockdales an extension to cure the report’s deficiencies
with respect to Rajan.  Kloeris v. Stockdale, No.
01-09-00711-CV, 2010 WL 1241305 (Tex. App.—Houston [1st Dist.] Apr. 1,
2010, pet. denied) (mem.
op.).  The trial court granted an
extension, and the Stockdales filed a supplemental
report. Dr. Poindexter’s amended report reads in pertinent part:

The standard of care required that Dr. Rajan not prescribe controlled substances to a person she
knew or should have known was seeking drugs as a proxy for someone else.  Dr. Rajan knew or
should have known that Charles and Kristen were married and cross-using
prescription drugs.  Dr. Rajan practiced in the same medical group as Dr. Kloeris.  They shared
the same patient files, and Kristen Stockdale was seen by both Dr. Rajan and Dr. Kloeris within a
very short period of time.  Dr. Kloeris actually treated Kristen and Charles within days of
one other.  Kristen’s medical records
identify her as “Kristen Stockdale” and her husband as “Charles
Stockdale.”  Moreover, Kristen’s medical
records raise clear warnings of prescription drug abuse—more
specifically that Kristen was obtaining prescription drugs to pass to
Charles.  In fact, records state so
explicitly.  Although Kristen first
presented to Dr. Rajan as an alleged assault victim,
given that Kristen’s medical records make it clear that she was passing drugs
on to her husband Charles, Dr. Rajan should not have
prescribed narcotic drugs.  Instead, Dr. Rajan should have prescribed non-sterodial
anti-inflammatory drugs or non-addictive muscle relaxants.  The standard of care required that Dr. Rajan read Kristen’s medical records, recognize the
cross-use and not prescribe controlled substances to Kristen.  Had Dr.
Rajan not prescribed these drugs to Kristen, then, to
a reasonable degree of medical certainty, Mr. Stockdale would not have died.


 

(emphasis added) 
Rajan again moved to dismiss the case due to its
insufficiency; the trial court denied the motion.  Rajan appeals.

DISCUSSION

Rajan contends that the trial court erred
in denying her motion to dismiss because (1) the expert report was not timely
filed and (2) does not represent a good faith effort to comply with section
74.351 of the Civil Practice and Remedies Code because, among other reasons, it
fails to identify the standard of care or to describe the causal relationship
between Rajan’s alleged negligence and Charles’s
death.   

We first note that the expert report was
timely filed.  Section 74.351(c) permits
a trial court to grant a medical malpractice plaintiff a thirty-day
extension if an expert report “has not been served within the period specified
by Subsection (a) because elements of the report are found deficient.”  Tex. Civ. Prac.
& Rem. Code Ann. §
74.351(c).  If the claimant
receives notice of the court’s ruling after the initial 120-day deadline has
passed, then the extension runs from the date the plaintiff first received
notice. Id.  Here, the Stockdales filed an
expert report within the 120-day deadline. 
After our court concluded that the initial report was deficient with
respect to Rajan, the trial court granted the Stockdales a thirty-day extension to amend the report, after
the 120-day deadline lapsed.  The Stockdales had thirty days from October 11, 2010 to file
their report (the date the trial court granted an extension); they timely filed
it on November 10.  

Standard of Review

We review the trial court’s decision on a section
74.351 motion to dismiss for abuse of discretion. Am. Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 878 (Tex. 2001) (addressing predecessor statute to
section 74.351). The trial court abuses its discretion if it acts in an
arbitrary or unreasonable manner without reference to any guiding rules or
principles. Jelinek v. Casas, 328 S.W.3d 526, 539 (Tex.
2010) (quoting Bowie Mem’l
Hosp. v. Wright, 79 S.W.3d 48, 51–52 (Tex. 2002)).

When a plaintiff brings a healthcare liability claim,
section 74.351 requires the plaintiff to serve each health care provider
defendant with an expert report that “provides a fair summary of the expert’s
opinions . . . regarding applicable standards of care, the manner in which the
care rendered by the physician or health care provider failed to meet the
standards, and the causal relations between that failure and the injury, harm,
or damages claimed.”  Tex. Civ. Prac.
& Rem. Code Ann. §§ 74.351(a) and 74.351(r)(6).  If a plaintiff timely
files an expert report, the defendant may move to challenge its sufficiency.  Id. § 74.351(a); Palacios,
46 S.W.3d at 877. The trial court must dismiss the case with prejudice
if the court finds that the report does not represent a good-faith effort to
comply with the statute. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(l); Palacios, 46 S.W.3d at 877 (discussing
predecessor statute).

An expert report represents a good faith effort to
comply with section 74.351 if it provides enough information to inform the
defendant of the specific conduct called into question by the plaintiff and provides
a basis for the trial court to determine that the claims made by the plaintiff
have merit.  Palacios, 46 S.W.3d at 879.   The
report need not marshal all of the plaintiff’s proof, but it must address all
three statutory elements—standard of care, breach and causation.  See id. at 878.  The report must
link the expert’s conclusions to the facts upon which those conclusions rest.  See Jelinek,
328 S.W.3d at 539 (citing Bowie Mem’l Hosp., 79
S.W.3d at 52).  An expert report
that omits any of the statutory requirements is not a good faith effort.  Palacios,
46 S.W.3d at 879. 
In reviewing the sufficiency of a report, we look only within the four
corners of the document.  Id. at 878.

Sufficiency of Expert Report 

Dr. Poindexter’s report does not comply with the
statute’s “causal relations” requirement. 
Poindexter’s report concludes
that, “Had Dr. Rajan not prescribed [hydrocodone and the
sleeping aid] to Kristen, then, to a reasonable degree of medical certainty,
Mr. Stockdale would not have died.”  The
report says nothing further regarding causation.  Kloeris
prescribed Charles ninety tablets of alprazolam and sixty tablets of
hydrocodone twice in the sixteen days before his death, the most recent
prescription given three days before.  But
Rajan never prescribed Charles any medication.  Rajan attended only
to Kristen, prescribing her twelve tablets of hydrocodone and the sleeping aid.  Dr. Poindexter does not address the causal
relationship between the medicines that Rajan
prescribed for Kristen and Charles’s overdose. 

A bare assertion of
causation does not meet the requirements of section 74.351(r)(6),
because “[a]n expert report cannot
simply opine that the breach caused the injury.”  Jelinek, 328 S.W.3d at 539.  No “magical words” such as “reasonable
medical probability” demonstrate that the report complies with section 74.351(r)(6).   See Bowie Mem’l
Hosp., 79 S.W.3d at 53; Regent Care Ctr.
of San Antonio II, Ltd. P’ship v. Hargrave,
300 S.W.3d 343, 347 (Tex. App.—San Antonio 2009, pet. denied) (finding single
sentence addressing causation did not demonstrate good-faith effort to comply
with Act).  Rather, to satisfy the
element of causation, an expert must explain the basis of her statements and
link her conclusions to the facts of the case. 
Jelinek,
328 S.W.3d at 539–40; Bowie Mem’l Hosp., 79 S.W.3d at 52.  Dr.
Poindexter’s report concludes that Rajan caused
Charles’s death by prescribing drugs to Kristen, but does not connect that
conclusion to facts.  The report does not explain how the
prescriptions Rajan issued for Kristen caused the
death of a patient Rajan had never treated.  It does not, for example, state that Charles ingested
the drugs Rajan had prescribed for Kristen or allege
that those drugs fell into Charles’s hands. 


A report does not represent a good-faith effort to
comply with section 74.351(r)(6) and is conclusory if it simply contends that a doctor’s breach
caused injury to a person that the doctor never treated.  See Jelinek, 328 S.W.3d at 539.
Because Dr. Poindexter’s report does not satisfy the statutory test with
respect to Rajan’s conduct, the trial court had no
option but to conclude that the expert report is deficient in that respect.  See
Palacios, 46 S.W.3d
at 879–80.  




 

Conclusion

          Because Dr. Poindexter’s
expert report does not sufficiently address the causation elements that Chapter
74 requires, the report does not meet the section 74.351(r)(6)
standards.  Accordingly, we reverse the
trial court’s order and dismiss the Stockdales’
claims against Rajan with prejudice.  We remand the cause to the trial court for
consideration of reasonable attorney’s fees to be awarded to Rajan.  

          

          

 

                                                                      Jane
Bland

Justice 

 

Panel consists of Chief Justice Radack and
Justices Bland and Huddle.

 











[1]
        See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(9) (West 2008) (allowing interlocutory appeal when trial
court “denies all or part of the relief sought under Section 74.351(b)”).