ACCEPTED
03-14-00726-CV
4336477
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/2/2015 3:26:58 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00726-CV

IN THE COURT OF APPEALS FOR THE
THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/2/2015 3:26:58 PM
JEFFREY D. KYLE
Clerk

## TEXAS SAN MARCOS TREATMENT CENTER, L.P. d/b/a SAN MARCOS TREATMENT CENTER
*Appellant*

**v.**

## VERONICA PAYTON
*Appellee*

**On Appeal from Hays County, Texas,
428th Judicial District Court
Trial Court Case Number: 13-2658**

## APPELLANT'S REPLY BRIEF

Ryan L. Clement
Texas Bar No. 24036371
SERPE JONES ANDREWS
CALLENDER & BELL, PLLC
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile:  (713) 452-4499
Email: rclement@serpejones.com

**Attorneys for Appellant,
Texas San Marcos Treatment Center,
L.P. d/b/a San Marcos Treatment Center**

**ORAL ARGUMENT RESPECTFULLY REQUESTED**

**TABLE OF CONTENTS**

**SUMMARY OF REPLY** ................................................................................1

**ARGUMENT IN REPLY** ............................................................................2

    **1. Dr. Reid's Report Provides No Relevant Facts**............................................2

    **2. Dr. Reid Fails to Identify The Applicable Standards of Care or Alleged Related Breaches**................................................................6

    **3. Dr. Reid's Causation Opinions are Conclusory and Founded on Speculation**................................................................11

**CONCLUSION AND PRAYER** ................................................................14

ii

# TABLE OF AUTHORITIES

**Cases**

*American Transitional Care Ctrs. of Tex., Inc. v. Palacios*,
   46 S.W.3d 873 (Tex. 2001) ........................................................................ passim

*Austin Heart, P.A. v. Webb*,
   228 S.W.3d 276 (Tex. App.—Austin 2007, no pet.) .........................................9, 13

*Baylor All Saints Med. Ctr. v. Martin*,
   340 S.W.3d 529 (Tex. App.—Fort Worth 2011, no pet.) ....................................11

*Bowie Mem'l Hosp. v. Wright*,
   79 S.W.3d 48 (Tex. 2002) ................................................................. 4, 5, 7, 9

*Earle v. Ratliff*,
   998 S.W.2d 882 (Tex. 1999) .................................................................................4

*Gray v. CHCA Bayshore L.P.*,
   189 S.W.3d 855 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ..........................9

*Hebert v. Hopkins*,
   395 S.W.3d 884 (Tex. App.—Austin 2013, no pet.) ................................. 9, 14, 15

*Jelinek v. Casas*,
   328 S.W. 3d 526 (Tex. 2010) ....................................................... 5, 11, 12, 13, 14

*Kingwood Pines Hosp., LLC v. Gomez,*
   362 S.W.3d 740 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ............... 11, 13

*Kocurek v. Colby*,
   No. 03-13-00057-CV, 2014 WL 4179454 –5
   (Tex. App.—Austin Aug. 22, 2014, no pet.) ......................................................12

*Kuykendall v. Dragun*,
   No. 11-05-00230-CV, 2006 WL 728068
   (Tex. App.—Eastland Mar. 23, 2006, pet. denied)................................................5

*McKenna Mem'l Hosp., Inc. v. Quinney*,
   No. 03-06-00119-CV, 2006 WL 3246524
   (Tex. App.—Austin Nov. 10, 2006, pet. denied)...................................................7

*Regent Care Ctr. of San Antonio II, Ltd. P'ship v. Hargrave*,
  300 S.W.3d 343 (Tex. App.—San Antonio 2009, pet. denied)............................14

*Russ v. Titus Hosp. Dist.*,
  128 S.W.3d 332 (Tex. App. – Texarkana 2004, pet. denied) .................................7

*Shenoy v. Jean*,
  No. 01-10-01116-CV, 2011 WL 6938538
  (Tex. App.—Houston [1st Dist.] Dec. 29, 2011 .....................................................4

*Smith v. Wilson*,
  368 S.W.3d 574 (Tex. App.—Austin 2012, no pet.) ...................... 6, 11, 12, 14, 15

*Strom v. Mem'l Hermann Hosp. Sys.*,
  110 S.W.3d 216 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) ...................7

*Taylor v. Fossett*,
  320 S.W.3d 570 (Tex. App.—Dallas 2010, no pet.)................................................4

*Texarkana Nursing & Healthcare Center, LLC v. Lyle*,
  388 S.W.3d 314 (Tex. App. – Texarkana 2012, no pet.).................................7, 11

*W.B.M. Mgmt. Co. v. Flores*,
  No. 07-14-00008-CV, 2014 WL 1691362 –6
  (Tex. App.—Amarillo Apr. 25, 2014, no pet.) ......................................................4

## IN THE COURT OF APPEALS FOR THE
## THIRD DISTRICT OF TEXAS

**TEXAS SAN MARCOS TREATMENT CENTER, L.P. d/b/a**
**SAN MARCOS TREATMENT CENTER**
*Appellant*

**v.**

**VERONICA PAYTON**
*Appellee*

**On Appeal from Hays County, Texas,**
**428th Judicial District Court**
**Trial Court Case Number: 13-2658**

## APPELLANT'S REPLY BRIEF

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellant Texas San Marcos Treatment Center, L.P. d/b/a San Marcos Treatment Center ("San Marcos Treatment Center" or "Appellant") files this Reply Brief, and in support thereof, would respectfully show the Court the following:

## SUMMARY OF REPLY

Dr. Reid's report contains no relevant factual information. Instead, Dr. Reid's report relies on vague statements, generalizations, inferences and also speculation to address the required statutory elements of an expert report under

Chapter 74. Dr. Reid's opinions are conclusory, as evidenced by his express acknowledgement that he lacks specific factual information central to his opinions and his reliance on vague statements, generalizations, inferences and speculation to support his conclusions.

Consequently, Dr. Reid's report does not satisfy the requirements under Chapter 74 or the standards established by *Palacios* and its progeny because the report fails to provide enough information to fulfill the two purposes of an expert report under the statute as it fails to inform San Marcos Treatment Center of the specific conduct called into question and also failed to provide the trial court with a basis to conclude that the claims have merit.

## ARGUMENT IN REPLY

### 1. Dr. Reid's Report Provides No Relevant Facts

On page 5 of Dr. Reid's report, a "brief narrative" is supplied. This paragraph discusses the "facts" upon which Dr. Reid's various opinions concerning the applicable standards of care and alleged breaches rest. The only "facts" provided by Dr. Reid in his report concerning events preceding the assault are as follows:

> At the time of the assault, Veronica Payton (victim) was an aide on the boys' unit (patients apparently about 11 years old and up) of San Marcos Treatment Center (SMTC). Leroy Simon (assailant) was a 17 year-old, "stocky" male patient with a long history of assaultive behavior, sex offenses, fights, borderline intellectual function or mild mental retardation, and chronic symptoms of intermittent explosive

2

disorder, lack of impulse control, oppositional defiance disorder, and other mental and behavioral problems, most of all of which were known to SMTC prior to January 2, 2012. Mr. Simon was housed on the boys' unit to which Ms. Payton was assigned.

During the evening of January 2, 2012, Mr. Simon asked to be escorted off the unit to do his laundry. There were two staff, both female, assigned to the boys' unit at the time, including Ms. Payton. Ms. Payton agreed to accompany him to the functioning laundry, and did so.

(CR 36).

Dr. Reid provides no additional facts concerning the events leading up to the assault in his report. Dr. Reid provides no facts concerning the facility's staffing requirements or the patient-to-staff ratio. Dr. Reid provides no facts concerning the education, training, or instruction provided to the facility's staff in general, or Ms. Payton specifically. Dr. Reid provides no facts concerning the information or notification provided to staff concerning the patient's past mental health history. Dr. Reid provides no facts concerning the process of the patient's admission to the facility and/or his placement on the unit. Dr. Reid provides no facts concerning the care and treatment ordered for this patient (*i.e.* the observation level and/or any limitations or restrictions) by his admitting physician. Dr. Reid provides no facts concerning the patient's admission and care while at San Marcos Treatment Center and his interactions with patients and/or staff aside from the assault alone. In the absence of any relevant facts, Dr. Reid, nonetheless, offers opinions as to the

3

standards of care and alleged breaches with regard to all the aforementioned subject matters.

An expert, however, must explain the basis for his statements to link his conclusions to the facts and not merely state conclusions. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (quoting *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999)).

Appellate courts recognize that an expert's failure to provide any facts in the report to support his or her conclusions on standard of care, breach, and causation prevents the trial court from concluding the plaintiff's claims have merit. *See Taylor v. Fossett*, 320 S.W.3d 570, 578 (Tex. App.—Dallas 2010, no pet.) (finding trial court abused its discretion in denying physician's motion to dismiss since expert report provided only conclusory opinions without supporting facts); *W.B.M. Mgmt. Co. v. Flores*, No. 07-14-00008-CV, 2014 WL 1691362, *5–6 (Tex. App.—Amarillo Apr. 25, 2014, no pet.) (holding that expert report was not a good faith effort to provide a fair summary of his opinions and warranted dismissal since expert failed to provide facts to support his conclusion); *Shenoy v. Jean*, No. 01-10-01116-CV, 2011 WL 6938538, *6 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, pet. denied) (holding that "an expert report that merely asserts that a defendant physician's breach caused the plaintiff's injury without providing a

factual basis does not provide the trial court with the information necessary to evaluate the merits of the plaintiff's claim.").

The failure to set forth facts supporting an expert's opinions on the standard of care, breach, and causation is not an argument based on "semantics." *Kuykendall v. Dragun*, No. 11-05-00230-CV, 2006 WL 728068, *3 (Tex. App.— Eastland Mar. 23, 2006, pet. denied). Rather, the facts are "vital" in determining whether the plaintiff's claims have merit. *Id.*

As the Texas Supreme Court held in *Jelinek v. Casas*, 328 S.W. 3d 526 (Tex. 2010), when the report in question lacks any explanation linking the expert's conclusion to the relevant facts, the trial court abuses its discretion in denying the defendant's motion to dismiss. *Id.* at 540 (citing *Bowie Mem'l*, 79 S.W.3d at 52).

Appellee's attempts to draw comparisons between the sufficiency of Dr. Reid's report and those provided in other cases fall short. *See Appellee's Brief* at 36-38. The primary distinction is that there were relevant facts provided in the other reports resulting in adequate specificity. However, the report of Dr. Reid fails to provide any relevant facts or the requisite specificity.

Because Dr. Reid's report fails to provide any relevant facts, the opinions are purely conclusory and the report does not represent a good faith effort. If an expert report contains only conclusions about the statutory elements in section 74.351, the trial court has "no discretion but to conclude ... that the report does not

5

represent a good-faith effort" to satisfy the statute. *Smith v. Wilson*, 368 S.W.3d 574, 577 (Tex. App.—Austin 2012, no pet.) (citing *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877, 880 (Tex. 2001)).

The trial court abused its discretion in holding that Dr. Reid's report was adequate and in denying San Marcos Treatment Center's motion to dismiss under Chapter 74 because Dr. Reid's report fails to link relevant facts to his conclusions on any of the required elements of a Chapter 74 expert report.

## 2. Dr. Reid Fails to Identify The Applicable Standards of Care or Alleged Related Breaches

On page 1 of his report, under the heading "Duties, Standards and Breaches Thereof", Dr. Reid offers the following conclusory opinions concerning the applicable standards of care:

> That employer (SMTC), by itself and through its various parts or assigns, had duties to its unit employee Ms. Payton, which included, but may not have been limited to, **(a)** adequate *staffing* and staff support in her work environment (sufficient to meet reasonable levels of staff safety, as well as patient safety and care), **(b)** adequate *training* with regard to recognizing and managing situations that might arise in which her safety could be compromised, **(c)** adequate *notification* of work situations or persons in her work environment that could reasonably present a danger to her or others, **(d)** adequate care in *avoiding or declining admission of patients/clients who are inappropriate* for the unit on which she worked, and **(e)** *elimination or amelioration of reasonably known risks* to her and other staff or patients created by patients/clients who are admitted to and housed on the unit on which she worked.

> (CR 32-33).

6

As this Court is aware, whether a defendant healthcare provider breached its duty cannot be determined absent specific information about what the defendant should have done differently. *Russ v. Titus Hosp. Dist*., 128 S.W.3d 332, 341-42 (Tex. App. – Texarkana 2004, pet. denied) (quoting *Palacios*, 46 S.W.3d at 880)). In other words, one must be able to determine from the report what was required by the standard of care, which requires "specific information about what the defendant should have done differently". *Texarkana Nursing & Healthcare Center, LLC v. Lyle*, 388 S.W.3d 314 (Tex. App. – Texarkana 2012, no pet.) (quoting *Palacios*, 46 S.W.3d at 880)). Identifying the standard of care is critical because whether a defendant breached its duty cannot be determined absent specific information about what the defendant should have done differently. *McKenna Mem'l Hosp., Inc. v. Quinney*, No. 03-06-00119-CV, 2006 WL 3246524, *4 (Tex. App.—Austin Nov. 10, 2006, pet. denied) (mem. op.) (citing to *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex. 2002) (per curium); *Russ*, 128 S.W.3d at 343). Moreover, the standard of care is defined by what an ordinarily prudent health-care provider would have done under the same or similar circumstances. *See id*. (citing to *Palacios*, 46 S.W.3d at 880; *Strom v. Mem'l Hermann Hosp. Sys.*, 110 S.W.3d 216, 222 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)).

7

Dr. Reid's opinions concerning the standards of care provide nothing more than vague, generalized statements that are wholly reliant on inferences because they are devoid of any factual information and lack the specificity required under the statute. In summary, Dr. Reid's opinions provide no information as to what the standard of care applicable to San Marcos Treatment Center is in this context and under the facts.

Using the first standard of care expressed by Dr. Reid as an example (though the others are equally as deficient), Dr. Reid opines that San Marcos Treatment Center had a duty to provide "adequate staffing and staff support" and "failed to provide adequate staffing to meet the foreseeable needs for patient care and staff and patient safety." (CR 32-33). However, Dr. Reid also openly acknowledges in his report that, "Specific staffing data from SMTC is not yet available to me." (CR 33). Thus, his statement as to the standard of care for adequate staffing is without any factual support and, therefore, because his conclusions are not linked to any relevant facts his opinion as to this standard of care is purely conclusory. All of Dr. Reid's opinions concerning the standards of care and breach suffer from the same failure to link any relevant factual information to the opinions expressed or provide sufficient specificity as to the specific conduct called into question. Because there is no link to any relevant factual information, all of the Dr. Reid's opinions concerning the standards of care are expressed in vague, general terms

and lack the specificity required by the statute. None of the standards of care and/or alleged breaches offered by Dr. Reid are sufficiently tied to any facts or provide any information beyond vague, general statements and, therefore, Appellee has failed to provide an adequate expert report supportive of any of her legal theories.

In so far as Dr. Reid makes any attempt to link any "facts" to his conclusions, Dr. Reid merely refers to materials listed under "Sources Reviewed and/or Relied Upon." (CR 37-38). However, those materials are neither described within his report nor are they attached and incorporated. Thus, Dr. Reid's opinions rely repeatedly on inferences as to the contents of those materials cited and whether or not support they support his conclusions. The only information relevant to determining whether a report complies with the statute is "within the four corners of the document." *Palacios*, 46 S.W.3d at 878. This requirement precludes a court from filling gaps in a report by drawing inferences or guessing as to what the expert likely meant or intended. *Austin Heart, P.A. v. Webb*, 228 S.W.3d 276, 279 (Tex. App.—Austin 2007, no pet.) (citing *Bowie Mem'l*, 79 S.W.3d at 53; *Gray v. CHCA Bayshore L.P.*, 189 S.W.3d 855, 859 (Tex. App.—Houston [1st Dist.] 2006, no pet.)). This Court declared, "neither the trial court nor this Court may infer additional opinions or underlying facts to fill in gaps that the report itself leaves open." *Hebert v. Hopkins*, 395 S.W.3d 884, 890 (Tex. App.—

Austin 2013, no pet.). Because Dr. Reid provides no relevant facts, his report is fatally reliant on inferences for any support and naturally requires that gaps be filled in to complete and support his conclusions. However, Dr. Reid's report's reliance on inference is impermissible under the statute and the interpretive legal precedent.

Appellee misunderstands that purpose for which Appellant referred to materials outside the four corners of the report. *See Appellee's Brief* at 25. The materials referenced were not provided for this Court's consideration of their substance or contents, but rather, to provide a description of available materials in Ms. Payton's personnel file as an illustration of Dr. Reid's reliance on inference because he fails to describe or detail what particular contents he reviewed in her personnel file, what materials he anticipated finding in her personnel file, and how the absence of specifically described items support his opinions. Dr. Reid offers no such description but, instead, merely offers:

> Review of Ms. Payton's SMTC personnel file and relevant portions of the SMTC Employee Handbook reveals no indication that Ms. Payton received any SMTC training regarding her safety in the workplace, and particularly none related to recognizing potentially dangerous patients, recognizing potentially assaultive patients, or protection herself from patient assault.

(CR 33).

Dr. Reid's vague statement, which lacks any factual reference to specific materials (present or absent), naturally required the trial court to infer as to the

10

materials that should be present but were not found and to then fill in the gap by making assumptions.

Dr. Reid's vague, generalized statements concerning the standards of care (without any reference to relevant facts) are similar to those found in other reports served in assault cases where similar reports were likewise found to be deficient. *E.g. Lyle*, 388 S.W.3d 314; *Baylor All Saints Med. Ctr. v. Martin*, 340 S.W.3d 529 (Tex. App.—Fort Worth 2011, no pet.); *Kingwood Pines Hospital, LLC, v. Gomez*, 362 S.W.3d 740 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Dr. Reid's report fails to identify the applicable standards of care in connection with any factual information or discuss any related alleged breaches but, instead, relies on vague, general statements and inferences to reach purely conclusory opinions as to these required elements.

### 3. Dr. Reid's Causation Opinions Are Conclusory and Founded on Speculation

As this Court recently noted in *Smith v. Wilson*, an expert must explain, with supporting facts, how the defendant's alleged breach in the standard of care caused the injury in question. *Smith*, 368 S.W.3d at 577–78. A conclusory statement on causation is wholly insufficient. *Id.*

Further, as the Supreme Court has recognized, "[a]n expert cannot simply opine that the breach caused the injury. … Instead, the expert must go further and explain, to a reasonable degree, how and why the breach caused the injury based

11

on the facts *presented.*" *Jelinek*, 328 S.W.3d at 539–40. (emphasis added). Without this explanation, the trial court cannot conclude the claims have merit. *Id.*; *see also Smith*, 368 S.W.3d at 578 (Austin Court reversing trial court's denial of motion to dismiss after finding report failed to provide facts explaining the causal link between alleged breach and the occurrence or injury); *Kocurek v. Colby*, No. 03-13-00057-CV, 2014 WL 4179454, *4–5 (Tex. App.—Austin Aug. 22, 2014, no pet.).

This Court has also stated that an expert report must explain how taking the suggested measures would have prevented the particular injuries complained of. *Smith*, 368 S.W.3d at 577-578.

Appellee's reliance on *UHS of Timberlawn, Inc.* is misapplied. *See* Appellee's Brief at 34-36. While assault may not be a medical condition, this does not eliminate the required element of causation and how that element must be sufficiently addressed within an expert report served pursuant to Chapter 74. As discussed later in Appellee's Brief, causation remains a required element in an expert report in assault cases. *See id.* at 35-36. However, Dr. Reid's report fails to adequately address causation.

Concerning causation, Dr. Reid opines, "But for one or more of the breaches by SMTC, summarized in items 2-6, it is more likely than not that the January 2, 2012, assault would not have occurred, and thus the above damages to Ms. Payton,

would not have occurred." (CR 035). However, Dr. Reid's causation opinion is purely conclusory because it fails to explain how and why the alleged failures by San Marcos Treatment Center resulted in the assault. *Kingwood Pines Hosp., LLC*, 362 S.W.3d at 750. In short, Dr. Reid's conclusions as to causation amount to nothing more than an *ipse dixit*, which the Supreme Court has consistently criticized. *Jelinek,* 328 S.W. 3d at 539.

Dr. Reid's report offers no explanation, with supporting facts, how San Marcos Treatment Center's alleged breach (of an unidentified standard of care) caused Ms. Payton's injuries, or for that matter, caused her to decide to go to the laundry room with the patient alone. Dr. Reid offers nothing more than speculation and conjecture in his report to support his conclusions as to causation. In short, Dr. Reid opines that Ms. Payton would not have escorted the patient alone on that occasion. (CR 35). In support of this speculative opinion, Dr. Reid refers to a statement by Ms. Payton. However, the statement is never described within his report and is also not attached is support of his opinion. This again demonstrates Dr. Reid's reliance on inference, which this Court has correctly noted is specifically precluded. *Austin Heart, P.A.*, 228 S.W.3d at 279. Additionally, it is also pure speculation and conjecture for Dr. Reid to opine as to the state of mind of Ms. Payton on January 2, 2012 and what she would or would not have done in relation to this patient under varying scenarios.

13

Conclusory (and speculative) statements on causation, like those offered in Dr. Reid's report, will not satisfy Chapter 74's expert report requirements. *See Palacios*, 46 S.W.3d at 875; *Regent Care Ctr. of San Antonio II, Ltd. P'ship v. Hargrave*, 300 S.W.3d 343, 346 (Tex. App.—San Antonio 2009, pet. denied). Since Dr. Reid only offered conclusory opinions concerning the statutory elements required of an expert report, the trial court had "no discretion but to conclude ... that the report does not represent a good-faith effort" to satisfy the statute. *Smith*, 368 S.W.3d at 577. The trial court's ruling amounted to an abuse of discretion. *Id.*

### CONCLUSION & PRAYER

To constitute a good faith effort, the report must, at a minimum: (1) inform the defendant of the specific conduct called into question; and (2) provide a basis for the trial court to conclude the claims have merit. *Palacios*, 46 S.W.3d at 879. "A report that merely states the expert's conclusions about the standard or care, breach, and causation does not fulfill the two purposes of a good-faith effort." *Hebert*, 395 S.W.3d at 890 (quoting *Jelinek*, 328 S.W.3d at 539).

Because Dr. Reid provides absolutely no facts to support his conclusions on the applicable standard of care, breach, and causation he also fails to inform San Marcos Treatment Center of the specific conduct called into question. Similarly, because Dr. Reid fails to link his conclusions on the applicable standard of care, breach, and causation to any relevant facts, but instead relies on vague, general

14

statements, inferences and speculation, his report also fails to provide a basis for the trial court to conclude the claims have merit. As such, the trial court abused its discretion in finding the report was sufficient. *See Smith*, 368 S.W.3d at 577.[1] As a result, San Marcos Treatment Center requests that the Court reverse the trial court's order.

WHEREFORE, PREMISES CONSIDERED, San Marcos Treatment Center respectfully requests that this Court reverse the trial court's order denying Appellant's Chapter 74 Motion to Dismiss and remand to the trial court with an order that all claims and causes of action asserted by Appellee against San Marcos Treatment Center be dismissed with prejudice and that San Marcos Treatment Center be awarded its reasonably attorneys' fees and costs as allowed by Chapter 74 of the Texas Civil Practices and Remedies Code. San Marcos Treatment Center further prays for such other relief that it may be justly entitled.

---

[1] Also, without the relevant facts, the trial court either misapplied the law regarding the sufficiency of expert report or inferred additional underlying facts to fill in gaps that the report itself left open. This amounts to an abuse of discretion. *See Hebert*, 395 S.W.3d at 890.

Respectfully submitted,

**SERPE, JONES, ANDREWS,
CALLENDER & BELL, PLLC**


By:   */s/ Ryan L. Clement*
      Ryan L. Clement
      Texas Bar No. 24036371
      rclement@serpejones.com
America Tower
2929 Allen Parkway, Suite 1600
Houston, Texas 77019
Telephone: (713) 452-4400
Facsimile:  (713) 452-4499

**Attorneys for Appellant,
Texas San Marcos Treatment Center,
L.P. d/b/a San Marcos Treatment Center**


## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Reply Brief for Appellant is computer generated, has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes, contains 3,405 words according to word count function of the computer program used to prepare this Reply Brief, excluding any parts exempted by TEX. R. APP. P. 9.4(i)(1), and otherwise complies with Texas Rule of Appellate Procedure 9.4.


*/s/ Ryan L. Clement*
Ryan L. Clement

16

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Texas Rules of Appellate Procedure on this the 2nd day of March, 2015.

Adam S. Ward
Aaron Allison
Keely Allison Ward
Allison & Ward
2001 N. Lamar Blvd.
Austin, Texas  78705-4907

*/s/ Ryan L. Clement*
Ryan L. Clement